### LATTA v. CLIFFORD et al.

*(Circuit Court, D. Colorado. August, 1891.)*

1. ADVERSE POSSESSION—WHAT CONSTITUTES.
    Where a statute requires, as an element necessary to give title by limitation, peaceable and undisputed possession of lands or tenements for a stipulated time, it is not required that a person shall have his feet on every square foot of ground, in order that it may be said under the law he is in possession. If he does that with reference to property of that kind which men usually do with their own, such as improving it, or using it for any purpose, that is possession, although the person may not live on it. The control, management, and direction that he may take with reference to the property, although he has never been on it, where it is under his control, management, and direction, may be sufficient to establish possession.

2. SAME—EVIDENCE.
    Possession may be established by inclosure, by cultivation, by the erection of buildings or other improvements on the land, or in fact by any use that clearly indicates its appropriation and actual use by the person claiming to hold it.

3. SAME—COLOR OF TITLE.
    Color of title means that which in appearance is title, but which in reality is no title. A deed which upon its face seems to convey title, but in reality, because of some defect, does not do so, is a good foundation for color of title.

4. SAME—QUESTION FOR COURT.
    What is color of title must be determined by the court.

5. SAME—QUESTION FOR JURY.
    Whether a party, in claiming realty under color of title, acted in good faith, is a question for the jury.

6. SAME—DUE DILIGENCE.
    Before it can be said that a party acts in good faith in asserting a right under color of title, it must be found as a fact that he acted with reasonable diligence to ascertain the real character of the title under which he claims.

7. SAME.
    What is meant by reasonable diligence is not the diligence or skill that would be employed by a practiced conveyancer, or a skillful or acute attorney, but the diligence exercised by ordinary men generally.

8. SAME.
    If that kind of diligence has been employed, and has been honestly employed, and, when so employed, there appears that upon the face of the conveyance which seems to convey title, that would be the exercise of that reasonable diligence that the law contemplates shall be exercised before it can be said that a party has acted in good faith.

9. SAME—PAYMENT OF TAXES.
    Where a statute of limitations provides that one of the conditions of obtaining a title under it is that the party claiming title shall for a stated time pay all taxes assessed, if the party pays to the collector all taxes assessed by the assessor, and extended against him on the tax-book, he has complied with this requisite of the law, although he may not have paid interest on the taxes, due because of non-payment of the same at the time they were due, if such interest has not been ascertained and charged to him by the collector, and he has not been required by such collector to pay the same.

*(Syllabus by the Court.)*

At Law.

The plaintiff, a citizen of Montana, brought her suit in ejectment against the defendant Clifford, as well as the Globe Smelting & Refining Company, for the recovery of the following land, lying in the county of Arapahoe, Colo., to-wit: The S. W. ¼ of the N. E. ¼ of section 14, and the S. W. ¼ of the N. E. ¼ of section 15, all in township 3 S., of range 68 W. Plaintiff in her complaint alleges that her said lands are worth not less than $100,000; that she is the owner in fee-simple of the same, and entitled to the undisputed possession thereof. She dismissed her suit as to the Globe Smelting & Refining Company. Defendant Clifford, for answer to plaintiff's cause of action, says that on the 24th of April, 1872, he in good faith purchased from Louise Stroup and Peter R. Stroup, her husband, the following portion of the land sued for by the plaintiff, to-wit: The S. W. ¼ of the N. W. ¼ of section 14, in township 3 S., of range 68 W. of the sixth principal meridian, in Arapahoe county, Colo.; that Louise L. Stroup and her husband executed to the defendant a warranty deed for the same, and delivered the same to the defendant, which said deed pretended to convey said land to the defendant in fee-simple; that thereupon the defendant in good faith entered into the possession of the said land by virtue of the claim and color of title aforesaid, to-wit, the said warranty deed, and that this defendant has remained in the peaceable and undisputed possession of said land, under said claim and color of title, from the 24th of April, 1872, to the time of the beginning of suit; that he has paid all taxes assessed against the land from the year 1882 to 1889, when this suit was brought. He further alleges that by reason of the premises, and by force of the statute of the state, he became, and now is, the owner in fee-simple of the land described in his answer. This is the only land now in controversy in this suit. The acknowledgment of the deed of Louise L. Stroup and Peter R. Stroup is as follows:

"*Territory of Colorado, County of Arapahoe—ss.:* I, Samuel E. Brown, a notary public in and for said county, do hereby certify that Louise L. Stroup and Peter R. Stroup, who are personally known to me to be the same persons described in and who executed the within indenture, appeared before me this day, and personally acknowledged that they signed, sealed, and delivered the said indenture as their free and voluntary act and deed, for the uses and purposes therein set forth; and the said Louise L. Stroup, wife of the said Peter R. Stroup, she owning the said premises in fee, being by me examined at the execution of said deed separate and apart from her husband, and the contents of said deed made known and explained to her by me, then declared that she voluntarily signed the said deed, and is still satisfied therewith.

"Witness my hand and notarial seal at Denver, in said county, this 24th day of April, 1872. SAMUEL E. BROWN, Notary Public."

The statute of Colorado on the subject of acquiring title by possession under color of title and claim of right and payment of taxes is as follows:

"That every person in the peaceable and undisputed possession of lands or tenements, including mining claims, under claim and color of title made in good faith, including pre-emptions made in accordance with the laws of the state of Colorado, or any mining district wherein such property may be situate, who shall for five successive years thereafter continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands,

tenements, or mining claims, shall be held and adjudged to be the legal owners of said lands, tenements, or mining claims, to the extent, and according to the purport, of his or her proper title or pre-emption. All persons holding under such possession by purchase, devise, or descent, before said five years shall have expired, and who shall continue such possession, and continue to pay the taxes aforesaid, so as to complete the possession of and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." Section 1694, p. 600, Gen. Laws, and section 1, p. 177, Acts 1874.

*S. L. Carpenter*, for plaintiff.

*Doud & Fowler*, for defendants.

PARKER, J., (*sitting by designation, after stating the facts as above.*) The case, as you know, gentlemen of the jury, is one of great importance, and it has been very elaborately, as well as very ably, presented by counsel on the respective sides of it. Not only the questions of law that have been addressed to the court, but the facts, have been argued to you by the counsel, in an honorable, upright, and very able manner. In this verdict you are sworn to find, as in every other verdict, there are just two elements,—first, the truth of the case as you may find it from the testimony, and the principles of law that are applicable to that truth. When we are called upon to find whether a proposition is sustained in a case, we must first ascertain what the proposition involved is,—that is, what we are called upon to find; then, whether such proposition is established or refuted. In a lawsuit the propositions involved grow out of the allegations in the complaint of the party who brings the suit,—who comes into court as the complaining party,—and of the answer to that complaint by the party who responds by way of answer to it. What is alleged in the complaint of the plaintiff as to the condition of the case you are trying constitutes the propositions that are asserted upon his side, and what is alleged upon the part of the defendant constitutes the propositions that he asserts to be true. Then, let us see what propositions are substantially asserted by the plaintiff. I am not going to read the pleadings to you, or take up your time in that way; for the truth is, in order that the court may help the jury understand the law, it should be made as brief as possible, because when you remember the evidence, and remember the arguments upon the testimony and upon the law of the case, as presented by counsel, your minds are generally pretty well filled. If you are then called upon to apply law, that is stated by the court in an abstruse way or that is covered up by an abundance of words, such action of the court has a tendency to darken the condition of the case in your minds, instead of throwing light upon it, which it is the duty of the court to do. Let us see what are the propositions asserted by the plaintiff. They are that this land, the description of which you have had given to you, belongs to the plaintiff. Why? Because the plaintiff is the owner in fee-simple, and entitled to the possession of the property described. She claims that it is by means of a fee-simple title that she is entitled to it. I say, in this connection, because I might overlook it, that the evidence offered upon the part of the plaintiff would make a good title in her, or does make a good title in her, unless the

defendant shows something that in the law is better than that title; and in this connection I say to you it rests upon the plaintiff,—that is, the burden rests upon the plaintiff,—in the first instance, to authorize her to recover the possession of the property from the defendant, to show title in herself. When that title is shown, then the question comes up whether or not the defendant has succeeded in overthrowing that title by setting up one in himself. He asserts in his answer that he occupies such a relation to this piece of property as that it has become his,—that it is his in the law. If that is so, then he has a better legal claim to it than the plaintiff, and he would be entitled to recover. He alleges or claims that the plaintiff is not entitled to the possession of the property described, for that on the 24th day of April, A. D. 1872, he, the defendant, in good faith purchased from Louise L. Stroup and Peter R. Stroup, her husband, the land in controversy, and received a deed from them therefor; that the said deed was a warranty deed of the land described; and that the defendant in good faith entered into possession of the said real estate at the time of the conveyance of the same, by virtue of a claim and color of title aforesaid; that the deed is a warranty deed of Mrs. Stroup and her husband; that the defendant has remained in the peaceable and undisputed possession of said real estate under the said claim and color of title from the date of the said deed; that he has paid all the taxes assessed against said property from the year 1882 to the year 1889, inclusive,—that is, he paid the taxes of the year 1882, paid the same every year up to 1889, and the taxes of 1889,—and that the same has been paid to the treasurer of this county, lawfully authorized to receive the same; that for these reasons the defendant is the fee-simple owner of said land, or that he has a fee-simple title.

Now, gentlemen, these are the issues. Plaintiff claims she is entitled to this land by reason of the title she has for it. Defendant claims that she is not entitled to it, and that he is, by reason of the title he has for it. It would be much easier if we could stop right here, and determine this question without any further instructions or legal information about it; but you will observe in the statement of these legal propositions, while they seem to be simple, that there are lateral branches running into them, that sometimes make them very difficult to determine,—so difficult that it is proper the jury should have some further explanation of the propositions than arise from their bare statement by the court. Let us see what it is that enters into the title of the defendant to make it good,—what is necessary to make it good under the law. A title such as he claims may become a good title if these things that are necessary to make it good under the law exist. It is then a good title, and one that becomes paramount to the one asserted by the plaintiff. This title that has been asserted by defendant, as you have been told by the counsel in the case, is the title that is permitted to grow up or have an existence under the law of the state, as prescribed by section 1694 of the Laws of this state, which provide that—

"Every person in the peaceable and undisputed possession of lands or tenements, including mining claims, under claim and color of title, made in good

faith, including pre-emptions, made in accordance with the laws of the state of Colorado, or any mining district wherein such property may be situate, who shall for five successive years hereafter continue in such possession, and shall also, during said time, pay all taxes legally assessed on such land, tenements, or mining claims, shall be held and adjudged to be the legal owners of said land, tenements, or mining claims, to the extent, and according to the purport, of his proper title or pre-emption."

The court interprets "proper" title to mean "paper" title. The word "proper," in the statute, is manifestly a mistake. By such error the word "proper" is used for the word "paper." That is the law under which the claim of Mr. Clifford in this case arises. Let us see, under that law, and under his allegations as set out in his answer, what is necessary to be found for him before he can recover. Then we go to the evidence to see whether he has created that state of case by the testimony, and created it by what is called a "preponderance of evidence;" because you will understand that the rule relating to the trial of civil issues is different from that which relates to the trial of criminal issues. In a criminal trial, any issue affecting the guilt of the defendant must be established beyond a reasonable doubt; but that is a state of case that goes further than is necessary for it to be established in a civil case. The party asserting a proposition in a civil trial is required to establish that proposition by a preponderance of the evidence; that is to say, if the plaintiff is to succeed upon the title asserted by her here, she can succeed only when she has proven the case so that there are more facts upon her side than there are on the other side. On the other hand, if the defendant is to succeed here upon his title, he must show the existence of that title, not beyond a reasonable doubt, but to the extent that there is a preponderance of the evidence in favor of his title, after you have considered the whole case. Now, that is the extent to which the proof must go in a civil trial to establish an issue that is involved in a civil case.

Under these allegations, and this law, the defendant must show, *first*, that he has been in the peaceable and undisputed possession of the land in controversy for five years prior to the time that the suit was brought. If he was in possession any longer than five years, that does not make any difference, as there would still be the existence of all that was required by the statute. The length of possession, of itself, for a long time may become an item of evidence, when it is undisturbed, going to show good faith, and going even to show the lack of confidence in their title upon the part of others asserting such title, upon the presumption that reasonable people, if they have a good title, act in such a way as to assert a claim to that which belongs to them in a reasonable time; and that is exactly one of the great principles upon which this statute of limitations is founded. It is said to be a statute of repose. It is enacted in the interest of the certainty of titles to real estate, which above all things ought to be certain and well established. Then, I say, as far as the length of time is concerned, it must be for five years consecutively prior to the bringing of the suit. Let us see for a moment what is meant by possession; there might be some mistake about it. Possession in the law does not mean that a man has to have his feet on every square foot

of ground before it can be said that he is in possession. If he asserts the right of ownership over the property, if he does that with reference to property of that kind which men usually do with their own property of a like nature,—such as improving it, or using it for any purpose,—that is possession, although the man may not live on it,—that is possession in the law. The control, management, and direction that he may take with reference to the property, although he has never been on it, where it is under his control, management, and direction, may be sufficient to establish possession. It may be established by inclosure, by cultivation, by the erection of buildings or other improvements, or, in fact, by any use that clearly indicates its appropriation and actual use by the person claiming to hold it. That is what is meant by possession in the law. The question is, has that possession been undisputed for this period of five years? If so, and it has existed for that length of time, there is one element of this character of title that is asserted as being in the defendant Mr. Clifford; not that that alone makes title, but there is one element of it, if you find those facts to exist,—that is, if you find that state of facts that I have named as going to make up possession in the defendant.

*Secondly.* Was this possession under a claim and color of title? The fact that the defendant in this case held under a claim and color of title must arise and have an existence under the deed of Mrs. Stroup and her husband, which purports to convey the property in controversy as her separate property; because there is no other basis for that claim and color of title offered in evidence in the case. The court says to you upon that point that color of title in the law means that which in appearance is title, but which in reality is no title. If it should be an appearance of title, and then turn out to be title in reality, it rises higher than mere color of title; but if it seems to be a good title,—if it upon its face appears to be a good title,—but in reality it turns out that it is not a good title, there is a state of case where there is color of title; that is what is meant, as the law says, by "color of title;" that, in fact, is the definition of that state of case where color of title exists that has been adopted by the supreme court of the United States, and followed generally by the federal and state courts, as far as my reading goes. The supreme court of the United States defines it in a reported case, and it says that the courts have concurred, it is believed, without exception, in defining "color of title" to be "that which in appearance is title, but which in reality is no title,"—that which upon its face seems to convey the property described, but in reality, because of some defect, does not do so,—that is color of title. The question as to what is color of title is a question for the court, and the court says to you that this deed of Mrs. Stroup and her husband, offered in evidence, purporting to convey this property in controversy to the defendant Clifford, is sufficient to create a state of case where there is the existence of the color of title. That, then, is the second proposition that is required to be found by you. This claim and color of title must be shown to have been made in good faith, and that is a condition of this case about which there has been much controversy. Whether or not it was made by the defendant Mr. Clifford,—that is, this color of

title was asserted by him as affecting this property **in** good faith,—is a question for you to pass upon and determine the **existence of**; that is to say, you are to determine whether he acted in good faith or not. The court may aid you somewhat in finding what "good faith" is, although that is a conclusion that you must find. The court cannot find it for you, as it can find from the face of this written instrument what is color of title. I say, it can direct your attention to the facts in the case that you have a right to take into consideration as evidence going to show the existence of good faith upon the part of Mr. Clifford in doing what he did do. If he did that which a reasonable man would do under the circumstances to ascertain the character of the title to this property, and if, after having done that, there were reasonable grounds to lead him to believe that the title conveyed by Mrs. Stroup to him would give him good title, and he acted in good faith upon that condition,—if you find from the evidence that state of facts,—that would make a state of case where good faith would be established. You will remember, in connection with these propositions that I am giving you, that all men owe certain obligations to each other in regard to their property. They are required, when they propose, for example, to get a piece of property, to exercise reasonable diligence to ascertain the character of the title of that property. What is meant by "reasonable diligence?" It is not the diligence or skill that would be employed by a practiced conveyancer, or an acute or skillful attorney, but the diligence exercised by ordinary men generally. They are required to do that. And if, after they have done that, there appears in the case presented to them that which would lead a reasonable man to the conclusion that the conveyance received by them would give a good title, and they act in good faith upon that,— that is, in the absence of·any fraudulent purpose in that connection,— though they may be deceived, though the title may absolutely fail as a fee-simple title, until it ripens into a perfect title by virtue of the existence of these other conditions that would make a title by virtue of the statute of limitations,—yet, if that diligence has been employed,—the ordinary diligence employed by men in the country generally, when investigating such matters,—and has been honestly employed, and there is that upon the face of the conveyance which purports to convey a title,— that would be the exercise of reasonable diligence. The exercise of that diligence that the law contemplates shall be exercised by every citizen when he is about entering into a transaction that may affect the title to real estate. This principle of law is for his own safety, as well as for the safety of others. In my judgment, the correct rule of the law that is applicable to that feature of this controversy, that has no doubt often arisen in the courts of your community, and elsewhere, in suits of this kind, is contained in the propositions that I have announced,—that is; when the ordinary citizen adopts the ordinary method for ascertaining the condition of title, and he acts in good faith upon such information received by him, and the title given to him upon its face purports to convey to him a fee-simple title, and there is an entire absence from his conduct of that which would show that he was engaged in a scheme or a fraudulent device, for the purpose of taking somebody's property for nothing,—there would be

a state of case where there would be the exercise of good faith, based upon the reasonable effort that the law requires that men shall exercise with reference to transactions of this kind; and, when he has exercised that degree of diligence, and the state of facts is presented to his mind that would lead an ordinary person, having an ordinary and reasonable mind, to the conclusion that he might rely upon that title, he is entitled to have you find that he has acted in good faith in the matter, although his mind may be confronted with other conveyances existing, or with the assertions of title upon the part of other people. These facts are not necessarily conclusive evidence that the title is in any other person than the one from whom he claims he received it; they may simply operate as a cloud upon that title, and the existence of outside facts of that character would not, of themselves, be sufficient to take away the idea that he had exercised reasonable diligence, or that he had come to an honest conclusion after having exercised that diligence. When you come to pass upon the good faith of this defendant, these are the propositions that enter into it; these are the things that you are to take into consideration in ascertaining the existence of that good faith. If this deed upon its face gave notice, by its patent defects, that there was no conveyance of title, or no attempt to convey a fee-simple title, such as defendant claimed he received, even the ordinary mind would be bound to take notice of that fact; but, if the deed is absolute and certain upon its face, if there is a substantial compliance with the statute of the state in the acknowledgment of that deed, there being in it apt and appropriate words necessary to convey a fee-simple title, there would be the existence of a fact that would ordinarily be sufficient for reasonable men to rely upon as evidencing the existence of the proposition that there was a fee-simple title conveyed by that deed. When such a state of facts exists, although it may turn out that the person relying upon them is mistaken, yet this would make no difference. I am asked by counsel for defendant to give this proposition, and I see no objection, and shall read it in the language in which it is asked to be given:

"In determining the question of good faith, the jury have a right to take into consideration all the circumstances surrounding the transaction, and all the representations made to Clifford by Mrs. Stroup; also the advice received from counsel, if he received any; and they should also take into consideration the fact that he paid a fair value for said real estate, if they believe from the evidence he did, and all of the facts and circumstances in this case tending to show an honest purpose on the part of the defendant."

It is perfectly proper and right that you should be reminded of what you have a right to take into consideration in ascertaining the existence of this proposition, which is a very vital question in this controversy. These propositions that I have enumerated do not yet settle the question. If you find them existing, they would not authorize you to determine this controversy in favor of the defendant, because, under this statute, certain other things are required to be found; and the fourth proposition is that the defendant has paid all taxes legally assessed upon the lands in controversy. That is all that he claims to have paid in the times spe-

cifically named in his answer. The court rules that the claim of payment of taxes must be limited by your finding to that which is specified or named in this answer of defendant, to-wit, from 1882 to 1889, inclusive, or for five years continuously, commencing from 1882; that is to say, that the proof must show that the defendant has paid all taxes legally assessed upon the lands in controversy. That, of course, must be shown by the tax receipts offered in evidence. And upon the question claimed by counsel in the case, that there was interest chargeable under the law on the taxes that were unpaid, and as this has not been paid by the defendant, therefore all taxes have not been paid, the court charges you upon that point that there is no evidence showing that there was any assessment of this interest; and, before the same can be claimed as taxes that ought to be paid, it must be shown that this interest, like the balance of the taxes, was assessed—that is, ascertained—by the officer whose duty it was, under the law, to say to each man how much taxes he shall pay. If a man pays his taxes, as they are extended upon the tax-book, to the treasurer of the county, and that officer, who has a right to collect interest under the law for the non-payment of the taxes within the time prescribed by law, does not assert that right against the tax-payer, then there is no ascertainment of that interest for the benefit of the man who pays the taxes. There is consequently no assessment of that tax, or that part of the tax, that is made up of interest. It is not the duty of the man who pays the tax to ascertain the amount; it is the duty of the officer whose duty it is to make the assessment (the assessor) as to the ordinary tax; and it is the duty of the collector, as to the interest, to ascertain the amount of it, and inform the tax-payer of that amount. This, in the law, is an assessment of the interest; that is, ascertaining the amount due from the tax-payer. Where the citizen pays that which is extended against him on the tax-book, he has, in my judgment, performed all the duty in regard to the payment of taxes that is required of him by the statute under which the defendant claims title; in other words, if the defendant has paid all the taxes legally assessed upon the land, he has then complied with that requisite which enters into or makes up this kind of title, and his failure to pay this interest, if it was not claimed against him, if he was not notified that it would be exacted, if it was not ascertained and called to his attention in the way these things are commonly done,—his payment of taxes would be sufficient. It may not be necessary to remind him of that specifically, but the citizen must have some notice that it is to be exacted. It seems to me that no higher duty than that is required of a citizen in relation to a matter of that kind. It seems to me that a citizen ought not to be deprived of his rights by the failure of the officer to do his duty. If it is the duty of the treasurer to extend the interest upon the tax-books, or to place the amount of it upon the tax receipts before it is handed over to the tax-payer, and he fails to do it, that failure ought not to inure to the injury of the citizen who has not had notice of that fact. Then, if these propositions in this case exist, as claimed by the defendant,—that is to say, that he entered into the kind of possession I have enumerated.

as necessary, (that is, the peaceable and undisputed possession of the premises in controversy for five years prior to the bringing of this suit;) and that this possession was under a claim and color of right growing out of the deed of Mrs. Stroup and her husband; that the transaction was a transaction entered into in good faith by the defendant, and not a mere scheme or device for the purpose of defrauding somebody out of his property for nothing, or getting it for an inadequate consideration; and the other requisite had been complied with,—that is, the taxes had been paid in the way enumerated,—that would make a title in the defendant; and, if that title exists, notwithstanding the fee-simple title asserted in favor of the plaintiff, the defendant would be entitled to recover upon his title. It is the law of the land. Its being wise or unwise is not a question for you or me to determine, because we are to determine, or assist in determining, these controversies under the law of the land, as we are enlightened by the facts of the case. It seems to me that, unless the gentlemen have some other propositions they desire to submit, that is law sufficient to cover the case.

*Mr. Carpenter:* Your honor has omitted to take into consideration, as I suggested to you, to instruct the jury as to the importance which the law attaches to the knowledge of the defendant, as it may affect the matter of good faith, as establishing or disestablishing good faith.

*The Court:* Yes; I will call their attention to that. The knowledge the defendant may have had of the outstanding title, or that which purports to be title, with the knowledge he may have had of the relation of these parties to this piece of property, is matter to be taken into consideration by you in passing upon the question of good faith. The fact, as I have already told you, that the defendant may have had knowledge of other claims to the property, or of an outstanding title to the same, or asserted title, would not necessarily, of itself, be a fact sufficient to take away the presumption of good faith arising from his conduct and actions, if this conduct and these actions, when they are considered in the light of all the proof, show, first, that he made an honest effort to ascertain the true condition of the property; that he sought advice from counsel; that he acted in good faith upon that information; that he took possession in good faith, believing he had that which men believe they have when they have a fee-simple title. Under such circumstances, the fact of this outstanding title would not, of itself, be sufficient to do away with the presumption of good faith arising from that state of facts, because that knowledge might be explained away, or the force of it might be destroyed, from the idea that the outstanding claim had been quieted, or that it was not of such a character as to amount to a good title upon the part of those who asserted it.

There is another proposition asked here by the defendant that has been substantially given. I will give it, however, in the language asked:

"The jury are further instructed that knowledge on the part of the defendant Clifford that the claim of the plaintiff herein at the time of the purchase of

said land did not of itself prevent him from acquiring title in good faith. Unless there was fraud or a fraudulent intent upon the part of Clifford by which he had taken title, he is a purchaser in good faith."

That is given in connection with what the court has already said to you by way of defining what would be a reasonable effort on the part of the defendant to know the facts. He must exercise reasonable diligence, as do men of like character in making an honest effort to ascertain the proof. If he does that,—if he acts upon that under the reasonable belief that the claim upon the part of the party is of a character sufficient to give him good title,—then he has acted in good faith.

*Mr. Doud:* In instructing the jury as to the payment of taxes, you used the expression "payment of all the taxes." That might be understood by the jury as payment since 1872. I would like to have it understood as the payment of taxes for five years.

*The Court:* That is what is meant; that is what the court meant to say. The court inquired as to the date when the suit was begun, and said further:

"The taxes necessary to be paid are taxes for five years consecutively, prior to the bringing of the suit. If the taxes were paid from 1882 to 1889 inclusive,—that is, including those two years, and all the years between them,—that would be a sufficient payment of taxes."

Now, gentlemen, a word further. You, of course, are the judges of the credibility of the witnesses; you pass upon the amount of credit or credence you give to the statements of each and every witness; you consider the opportunities that a witness has had for knowing the facts, because a man cannot know a fact unless he has had the means of knowing it; then, whether he availed himself of that opportunity; then, whether he remembered that fact observed by him; then, whether the fact is reasonable and probable in the light of the surrounding circumstances, and the time that may have elapsed since it occurred; then, whether that fact is a consistent, reasonable, and probable one in its own light, or in the light of the other testimony in the case; then, after you have ascertained what the character of the fact itself is, you see what it establishes; you first ascertain its truth, then you see how much it proves. You consider, of course, the testimony of each and every witness, in the light of all the other evidence in the case that is reasonable and credible; because sometimes a fact standing alone is very slight in its proving power, but, when it is compared or contrasted with another fact or other facts in the case, it may be strengthened or weakened, as the case may be, by virtue of that contrast, or the way it is supported by the other evidence. Therefore, it is your duty to consider all the facts together, find what facts are true, weigh them in the light of each other, and thus ascertain, first, whether or not the claim of this plaintiff, in the light of this whole case, as illustrated by the testimony and by the law given you, is a case made out for him by a preponderance of the proof in his favor. If so, your duty will be to say: "We, the jury, find the issues of this case for the plaintiff, and that she is the

owner of the premises in controversy, and entitled to the immediate possession thereof," and sign it by one of your number as foreman. If, upon the other hand, you find there is a failure upon the part of the plaintiff to establish her claim to this property by reason of the assertion and establishment, by the preponderance of the evidence in the case, of the title of the defendant, as it is required to be established by the propositions of the law I have given you, telling you what is necessary to make the title of the defendant,—if you find that state of case that would necessarily, as far as this investigation is concerned, eliminate from the case the title of the plaintiff; and if you believe the evidence proves the facts to the extent I have named,—it will be your duty to say: "We, the jury, find the issues in this case for the defendant." I submit this case to you, gentlemen, with an abiding conviction that you will give it the consideration it deserves. Counsel on both sides, I want to say, not from a desire to flatter these gentlemen, have tried this case exceedingly well. I never saw a case better tried by counsel than this one; and, if you commit any error at all in your finding, I do not believe it will be because there has not been an able, honest effort upon the part of counsel to so enlighten you that you can see the truth, and the law applicable to that truth.