## MURPHY v. REDEKER *et al.*

Under Laws 1891, p. 78, c. 24, § 1, providing that every person in the actual possession of lands under claim and color of title who shall have continued for 10 successive years in such possession, and shall also during said time have paid taxes on such lands, shall be adjudged to be the legal owner, etc., a failure to pay the taxes for any one year within the year for which the tax is levied is not fatal to a claim of title under the statute; a payment of all legal taxes during ten successive years being a substantial compliance therewith, although an annual assessment becomes delinquent, and is not paid until the following year.

(Opinion filed May 8, 1903.)

Appeal from circuit court, Grant county, Hon. A. W. CAMPBELL, Judge.

Action by George W. Murphy against Henry Redeker and another. From a judgment for defendants, plaintiff appeals. Affirmed.

*H. H. Potter* and *I. O. Curtiss,* for appellant.

*T. L. Bouck* and *G. S. Rix* for respondents.

FULLER, J.   In this equitable action to quiet the title to certain real property, it is conclusively shown and conceded upon the record that either the defendants, or those under whom they hold by purchase, have been in continuous possession and actual occupancy of the premises, claiming in good faith under color of title, for more than 10 successive years, and have paid all taxes assessed thereon since the year 1883; that continuously since the 7th day of November, 1888, when a foreclosure proceeding regular in every respect, ripened into a sheriff's deed, the purport of the paper title of each person in possession, and so paying the annual taxes, has been that of an owner in fee simple.

Our statute on the subject of acquiring title by the continued payment of taxes on land immediately occupied under color of title, is as follows: "Every person in the actual possession of lands or tenements, under claim and color of title made in good faith, and who shall have continued for ten successive years in such possession, and shall also during said time have paid all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements to the extent and according to the purport of his paper title. All persons holding under such possession, by purchase, devise or descent, before said ten years shall have expired, and who shall have continued such possession and payment of taxes as aforesaid so as to complete said term of ten years of such possession and payment of taxes, shall be entitled to the benefits of this section: "Section 1, c. 24, p. 78, Laws 1891. The application and legal effect of the foregoing statute are not controverted, but counsel for appellant maintain that each payment must be made within the year for which the tax was levied, and that a delay on the part of one of the earlier claimants in paying the taxes of 1891 until June 9, 1892, is fatal to respondents' claim of ownership. Without placing upon the plain terms in which the Legislature has spoken a construction different from the ordinary meaning of the words employed, and by which the real purpose of the enactment would be often defeated, the contention of counsel is not sustainable. Beyond question, the payment of all legal taxes during 10 successive years, by persons clearly within the statute in every other respect, is a sub·stantial compliance therewith, although an annual assessment becomes delinquent, and is not paid until the following year.

Numerous states have provided for the acquisition of land by occupants paying taxes in good faith under color of title for a specified number of years, and the statute of Illinois is practically the same as our provision above quoted. For many years the courts of that state, under a seven-year limitation, have held unswervingly upon the proposition as follows: "Although the taxes upon land may not have been paid within each year for seven successive years, yet, if they were paid in one year for another of the seven, the party still being in possession under claim and color of title, the requirements of the statute of limitations, which took effect in 1839, will have been complied with." Hinchman v. Whetstone, 23 Ill. 185. In construing a statute of Texas intended to effect the same purpose that prompted our enactment, that court say: "To support the five-year statute of limitations, the taxes need not be paid each year as they accrue." So far as it relates to the payment of taxes, the language of section 1694 of the General Laws of 1877 of Colorado is identically the same as the provision under consideration, and the headnote relating thereto, prepared by the court, is as follows: "Where a statute of limitations provides that one of the conditions of obtaining a title under it is that the party claiming title shall for a stated time pay all taxes assessed, if the party pays to the collector all taxes assessed by the assessor, and extended against him on the taxbook, he has complied with this requisite of the law, although he may not have paid interest on the taxes, due because of nonpayment of the same at the time they were due, if such interest has not been ascertained and charged to him by the collector, and he has not been required by such collector to pay the same." Latta v. Clifford (C. C.) 47 Fed. 614.

As our view of the statute corresponds exactly with that taken by the trial court, and is decisive of the case, we are not called upon to examine other points urged in the briefs of respective counsel.

The judgment appealed from is affirmed.