[No. 5181.   Decided April 3, 1905.]

ANDREW BRODACK *et al.*, *Appellants*, v. EMILE
MORSBACH *et al.*, *Respondents.*[1]

SALES—VENDOR AND PURCHASER—REAL PROPERTY—AGREEMENT
TO SELL TIMBER—LICENSE TO REMOVE—CONTRACTS—CONSTRUCTION.
A contract whereby the owner of land "agrees to sell" the timber
thereon, for which full consideration was paid at the time, is an
executed one, and transfers the title to the timber, which there-
upon becomes personal property, and the only interest of the
grantee in and to the real estate is an implied license to enter
and remove the timber.

SAME—ADVERSE POSSESSION—STANDING TIMBER—SEVEN YEARS'
PAYMENT OF TAXES—GOOD FAITH—NOTICE OF SALE OF TIMBER.
Purchasers of land with full knowledge that the timber had been
previously sold, do not acquire title to the timber by adverse
possession and payment of the taxes for seven years, since their
claim is not in "good faith" as required by Bal. Code, § 5503;
their interest in the timber being limited to the right to have it
revert if it is not removed under the contract of sale.

SAME.   In such a case the promise of the vendor to secure a
release of the timber contract does not affect the question of the
"good faith" of the purchasers.

SAME—ACTION TO QUIET TITLE—ISSUES RAISED.   In an action to
quiet title to standing timber, a complaint based on seven years'
adverse possession by purchasers of the land, does not raise an
issue as to the bar of the statute of limitations to the removal of
the timber under a contract of sale prior to the purchase by
plaintiffs.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered January 21, 1904, upon
findings in favor of the defendants, after a trial before
the court without a jury, dismissing on the merits an ac-
tion to quiet title.   Affirmed.

*Vance & Mitchell,* for appellants.

*Troy & Falknor,* for respondents.

[1]Reported in 80 Pac. 275.

PER CURIAM.—On the 20th day of March, 1891, one John Bannse, being the owner of the E ½ of the S E ¼ of Sec. 22, Tp. 15 N., R. 2 West, entered into an agreement with Emile Morsbach and Rudolph Morsbach, defendants in this action, reciting that,

"Said party of the first part [Bannse] for and in consideration of the sum of one hundred and ten dollars, gold coin of the United States of America to him in hand paid, agrees to sell to the said parties of the second part, all the mill timber situated on the following described land for their use and benefit: The east half of the south east quarter of section twenty-two, township fifteen north, of range two west, known as the preemption claim of John Bannse. And it is further agreed that there is no specified time in which said timber shall be removed."

This agreement was witnessed and acknowledged, and recorded in the miscellaneous records of Thurston county. On the 24th day of September, 1892, Augustus Bannse executed a deed for the above described land to Andrew Brodack, one of the plaintiffs in this action. The record before us shows no conveyance from John Bannse to Augustus Bannse. At and prior to the conveyance to the plaintiffs, they had actual notice of the sale of the timber on the above land to the defendants. This action was brought to quiet title, and to remove a cloud therefrom.

The complaint alleges, in substance, that the plaintiffs have been in the open and notorious possession of said land, under color of title and claim of right, for nine years, and have paid all taxes levied or assessed against the property, and that the defendants claim an interest in said property adverse to the plaintiffs. Judgment was rendered in favor of the defendants in the court below and the plaintiffs appeal therefrom.

The appellants base their claim to the relief sought upon Bal. Code, § 5503, which provides that,

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

While the agreement between John Bannse and the respondents for the sale of this timber contains the words, "agrees to sell," yet, the full consideration was paid at the time of the execution of the agreement, and we have no doubt that the contract must be held to be an executed one, and its legal effect was to transfer the timber from Bannse to the respondents, and this, regardless of whether we consider the sale of the growing timber a sale of an interest in land. *Kingsley v. Holbrook,* 45 N. H. 313, 86 Am. Dec. 173; *Bank of Lansingburgh v. Crary,* 1 Barb. 542; *Warren v. Leland,* 2 Barb. 613.

Conceding that the sale of the growing timber was a sale of an interest in the land, upon the execution and delivery of the contract of sale, the timber became personal property, and the only interest the defendants had, or could claim, in the land upon which the timber stood was an implied license to enter and remove the timber. Authorities above cited. The appellants purchased the land after this contract was made, and with full knowledge thereof, and, therefore, they acquired no interest in the timber by their purchase, except the right to have the timber revert to them, in case it was not removed under the contract of sale. While under the general statute of limitations the elements of good faith may not enter into the claim of the party holding adversely, yet the appellants are claiming under a special statute which makes the bona fides of their claim a prerequisite to a recovery. Under this statute

a mere notice of an adverse claim, which the party in possession believes in good faith to be ill-founded, will not bar a recovery, but when, as in this case, the parties claiming by adverse possession have actual notice that there is an adverse claim to the property, or an interest therein, and that such claim is superior and paramount to the claim or interest which they acquire under their paper title, their possession is not "under claim and color of title, made in good faith." *Arnold v. Woodward,* 14 Colo. 164, 23 Pac. 444; *Latta v. Clifford,* 47 Fed. 614; *Hunt v. Dunn,* 74 Ga. 120; *Templet v. Baker,* 12 La. Ann. 658.

Nor can the promise of their grantor to secure a release and satisfaction of the timber contract avail the appellants. The only question that can arise between the appellants and respondents, in our opinion, is the bar of the statute of limitations to the removal of the timber by the respondents. That question does not arise in this case, and will not be considered. There is no error in the record, and the judgment is accordingly affirmed.