Bell, J.
This is an action to quiet title under Section 255, Mills’ Annotated Code, brought by Eric Larson and Edwin T. Larson, appellees, in the district court of Weld County, against Jerome F. Culp, a former owner of the title to the west half of Section 19, Twp. 11 N. of R. 61 W. of 6 P. M., in said county, which is here in controversy.
*549 It seems that the Union Pacific Bailroad Company, the patentee from the government, transferred said property to Jerome F. Culp above named, who neglected to pay the taxes thereon, and the treasurer of said county sold the same for the taxes so due, and the county bought it in, assigned the certificate of purchase to John Sedgwick, who, on December 17th, 1901, received a treasurer’s deed to all of Section 19 aforesaid, and, by a quit-claim deed, bearing date January 27th, 1902, and acknowledged in 1904, purported to convey the west half of said Section 19 to the appellees herein. The evidence shows that, in the early spring of 1902, the appellees took possession of the last named property, and fenced the same thereafter, and, beginning July 1st, 1902, paid all taxes legally assessed there against for seven consecutive years, then brought this suit against Jerome F. Culp, the grantee of said railroad company. The said Culp defaulted, and made no defense to the action, and, on the 20th day of November, 1909, executed and delivered to James B. Jackson, appellant, for an expressed consideration of $100, a quit-claim deed for said west half of Section 19; and on the 16th day of December, 1909, by stipulation of the parties hereto, the said Jackson was made a party defendant, and afterward filed an answer, and later an amended answer and cross-complaint, setting lip the invalidity of the treasurer’s deed, and averring that said treasurer’s deed was void upon its face, and the sole foundation of any claim or right the appellees had in' the premises. By cross-complaint said Jackson set up his title to .the premises, and asked that it be quieted in him. The appellees, in their replication, among other things, set up the two seven year statutes of limitation.
It is admitted by counsel that the treasurer’s deed is void upon its face, and if offered in evidence to establish the paramount title to the property, that it would be inadmissible. However, in this case it was offered merely *550 as evidence of color of title. It was also objected to because tbe appellees did not show nor offer to show tliat the assessed value of the land was under $500, nor that notice was given to the owner of the intended demand on the treasurer for a deed. There is no evidence on these subjects from either side, and the court held that, for the purpose of proving color of title, for which the deed was offered, it was admissible; and it is our opinion that the ruling of the trial court in this respect was proper.
A color of title is a mere pretence of title, but not a valid title. It purports to be a good title, but is not so in fact.
In Lebanon Mining Co. v. Rogers, 8 Colo., 34-37, 5 Pac., 661, the court said:
“In Wright v. Hattison, 18 How. (U. S.), 56, it is said that ‘the courts have concurred,'it is believed, without an exception, in defining color of title to be that which has the appearance of title, but which in reality is no title. They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of invalidity of an apparent or colorable title; the inquiry with them has been whether there was an apparent or colorable title under which an entry or a claim has been made in good faith.’ ”
It will be noticed from this decision of the United States court, approved by our own supreme court, that “no importance is attached to the ground of invalidity of an apparent or colorable title.”
Counsel for appellant vigorously contends that a treasurer’s deed, similar.to the one before us, was held incompetent evidence in Richards v. Beggs, 31 Colo., 186, 72 Pac., 1077. There is no intimation in that case that the treasurer’s deed was offered merely as a colorable title to support the possession and payment of taxes under the statutes of limitation. The court held, however, that it was incumbent upon the parties claiming real estate under *551 a tax deed to prove, either that the statutory notice was given, or that the assessed valuation rendered it necessary to give such notice before the deed would be admissible in evidence. This is the undoubted rule where the treasurer’s deed is offered to establish the paramount title. However, the rule is to the contrary where the deed is offered as a mere color of title. A tax deed, invalid upon its face, has been repeatedly held to be a color of title in this jurisdiction. — De Foresta v. Gast, 20 Colo., 307, 38 Pac., 244; Hogue v. Magnes, 29 C. C. A., 564, 56 U. S. App., 500, 85 Fed., 357; Bennett v. N. C. S. L. & I. Co., 23 Colo., 470, 56 Am. St. Rep., 281, 48 Pac., 812; Brinker v. U. P. D. & G. R. Co., 11 Colo. App., 166, 55 Pac., 207; Williams v. Conroy, 35 Colo., 117, 83 Pac., 959.
If it were a rule that a tax deed, void upon its face, was inadmissible in evidence to prove color of title, then such a deed could not be held g’ood as a color of title, as there would be no way to use it beneficially.
In De Foresta v. Gast, supra, the supreme court said that a tax deed gives color of title, even though a person of legal learning and experience may, by a critical examination, discover defects in the instrument fatal to its validity.
Counsel for appellant contends that our seven year statutes of limitation were taken literally from those of the state of Illinois, and, when we adopted the statutes, we adopted the construction placed upon them by the courts of that state, and cites the cases of Bowman v. Wettig, 39 Ill., 416, and Dalton v. Lucas, 63 Ill., 337, as cases directly in point and decisive of the case before us.
The Illinois cases"cited were unfortunately based upon the erroneous doctrine that a person who buys property at a -tax sale will be presumed to be familiar with the provisions of the constitution and statutes pertaining to securing titles thereunder, and if such a purchaser secures a deed void upon its face, he is presumed to know *552 the law, and he cannot be said to be holding the premises under color of title in good faith.
Both of these holdings by the Illinois court have been repudiated by the subsequent decisions of the courts of the state of Colorado, and likewise by the courts of the state of Illinois. It was said in the case of De Foresta v. Gast, supra, that a tax deed regularly executed gives color of title, though an expert or lawyer might, by inspection, see that it was void upon its face, and, in Brinker v. U. P. D. & G. R. Co., 11 Colo. App., 166, 55 Pac., 207, it was held, in direct conflict with the case of Bowman v. Wettig, that a tax deed which issues before the period of limitation expires is a valid color of title. The supreme court of Illinois, in speaking of the doctrines announced in the Bowman-Dalton cases, supra, said:
“It is claimed that the cases of Bowman v. Wettig, 39 Ill., 416, and Dalton v. Lucas, 63 id., 337, establish the doctrine that defendant was bound to know the law, and to know that the verbal contract for the land could not-be enforced, and that the decree for its enforcement was erroneous, and therefore he was guilty of bad faith in so acquiring the deed. Such a doctrine would abrogate the statute (of limitation) and require the party claiming its benefit to establish a valid title, and in the case of Davis v. Hall, 92 Ill., 85, it was said that the apparent-teachings of the opinion in Bowman v. Wettig, supra, had not been adhered to in the later cases. The decision in Dalton v. Lucas was based on the prior case of Bowman v. Wettig, but if given full effect it could not influence the decision in this case.” — Sexson v. Barker, 172 Ill., 361-366, 50 N. E., 109.
It would seem that the above and other later Illinois decisions have limited the Bowman-Dalton cases as authority to such cases as involve a knowing and intentional omission by a purchaser at a tax sale to give the notice *553 required by statute, and thereby keep the owner in ignorance of his rights. — Sexson v. Barker, supra, 367.
In Miller v. Pence, 132 Ill., 149, 23 N. E., 1030, the court had under consideration the requisites of a notice prior to introducing the deed as evidence of color of title, and the supreme' court of Illinois said:
“The statute requires notice to be served on the 'person in whose name the land was taxed, * * * as a condition to obtaining a deed, * * * and, as' this requirement of the statute was not observed, the tax title cannot be held to be paramount title. But, * * * those deeds constituted color of title; and it appears from the evidence that appellee entered into possession of the premises in 1879 under color of title, and remained in possession for more than seven successive years, and during that period paid all taxes assessed on the premises. The color of title thus established, with proof of possession and payment of taxes, clearly brought appellee within Section 2 of the Act of 1839.”
See also Morrison v. Norman, 47 Ill., 477-479.
The court in the Bowman-Dalton cases, as a presumption of law, held that possession under color of title under the tax deeds was not held in good faith. That doctrine has been repudiated by the subsequent decisions of the courts of Colorado and Illinois. Our supreme court, in speaking to this question, said:
“As has been said by the supreme court of Illinois construing this statute: ‘ The law presumes that all men act in good faith, until there is some evidence to the contrary’; and again: ‘Color of title made in good faith is shown by any deed or instrument which purports on its face to convey title which a party is willing to and does pay his money for, apart from any fraud. The deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting it had no. faith or confidence in it.’ ”• — Knight v. Lawrence, 19 Colo., 425-433, 36 Pac., 242; Sexson v. Barker, supra, 365.
*554 A color of title, or what it is rather, is a question of law, to be decided by the court on an inspection of the paper title presented. The good faith of the party claiming under the color of title is a question of fact to be decided on sufficient evidence. — Latta v. Clifford, 47 Fed., 614; 2 Ency. L. & P., 409-411.
The appellant offered no evidence whatever as to the bad faith of the appellees or their grantor in securing or holding the premises. The appellees and the grantee in the tax deed went upon the stand at the trial, and each testified to the good faith of these transactions.
If we should admit, for argument’s sake, that the Bowman-Dalton cases are authority for the purposes cited, even then they would not apply to this case, as they limit their application to the grantee in the tax deed, as is said in the syllabus of Bowman v. Wettig, supra, page 418:
■ “But a purchaser from a grantee in a tax deed, which was executed before the expiration of two years from the sale, would not be held to notice of the illegality appearing on its face.”
And in Dalton v. Lucas, supra, at page 339, it is said that:
“A subsequent grantee wouldmot be affected by the laches of a purchaser at a tax sale, but the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for a sinister purpose, and will not be permitted to avail of a deed procured by such neglect.”
This seems to be a complete answer to the contention of appellant that appellees could not tack their possession under the quit-claim deed to the possession of'Sedgwick under the treasurer’s deed.
As we understand, appellant’s contentions are, first, that the treasurer’s deed was void upon its face, hence not a valid color of title, and that appellees failed to show *555 the amount of the assessment or notice of demand for the deed; secondly, that, while the quit-claim deed bears date January 27th, 1902, it was not signed nor delivered until 1904; thirdly, that, assuming said deed was delivered in 1904, and that the possession thereunder could not be tacked to the possession under the treasurer’s deed, there was not a holding under color of title for 'seven years, hence the • seven year statute, providing for a holding-under a claim and color of title, did not operate.
The trial court, upon conflicting evidence, found that the quit-claim deed was signed and delivered about the 27th day of January, 1902, and that the appellees .early in the spring of that year took possession of the property, fenced it, and in the month of July following- commenced the payment of taxes, and completed their title by holding-under said quit-claim deed in good faith and by paying-all taxes legally assessed there against for seven years; but said nothing about the holding- under the tax deed in its oral announcement. However, in its ultimate written findings and decree filed in court, it said:
“ (The court) doth find the issues herein joined generally in favor of said plaintiffs on their complaint, answer and replication, and against the defendant Jackson, on his amended answer and counterclaim and replication.”
This was a finding and decree upon all issues where there was conflicting evidence, and the oral announcements of the court, upon which appellant’s counsel bases his argument, are but the reasons given for its decision.— County Commissioners of Montezuma County v. Frederick, 50 Colo., 465, 115 Pac., 514; Stough v. Reeves et al., 42 Colo., 432, 436, 95 Pac., 958.
In the latter case the supreme court said:
“Counsel for appellant has included in the bill of exceptions and in the abstract of' the record the oral remarks made by the court at the time of the rendition *556 of the judgment, instead of the findings formulated and signed by the court and entered of record as its ultimate findings of fact and conclusions of law, and counsel predicates much of his argument upon some expressions found in the oral disquisition of the judge as to the specific objection that the description was subject to. We can consider only the ultimate conclusions of the court as expressed by the record, and we are not concerned with the reasons by which the court below arrived at such conclusion. ’ ’
In the Stough case, supra, in the oral announcement of the trial judge, he found on a minor objection that the tax deed was invalid, and did not mention many other, more substantial, objections. However, in his recorded conclusions' and decree, the finding was general. The supreme court held that his conclusion on the minor objection was erroneous, but sustained the decree on the more substantial objections to the deed, which were not mentioned by the trial judge in his oral announcement.
We have examined the evidence as to the time when the quit-claim deed was signed, and all the circumstances attending the transaction; and we think that there is sufficient evidence to sustain the findings and decree of the court, and also to support the finding that the quitclaim deed was signed and delivered early in the year 1902. The mere fact that the appellee, Eric Larson, was uncertain as to when the deed was signed and delivered did not prevent the court from considering the evidence of the grantor and the attending circumstances as sufficient to justify its conclusion, and we are concluded by these findings made upon conflicting evidence. — Denver etc. Co. v. McDonough, 54 Colo., 515-517.
The findings of the trial court are affirmed, with costs.