**MILWAUKEE LAND CO. v. POE, Collector of Internal Revenue.**

Circuit Court of Appeals, Ninth Circuit.
March 25, 1929.

No. 5611.

Geo. W. Korte, of Seattle, Wash. (F. M. Dudley, of Seattle, Wash., and H. S. Griggs, of Tacoma, Wash., on the brief), for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash., and C. M. Charest, Gen. Counsel, and George G. Witter and R. S. Scott, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. During the years 1921 to 1924, inclusive, the appellant made 26 sales of standing timber on lands in the state of Washington and 24 sales of standing timber on lands in the state of Idaho, the contracts in each case providing that the vendee should have the right to enter and remove the timber at any time before April 1, 1934. The appellant failed to affix revenue stamps to any of said contracts, or to pay a tax on any of said sales. Accordingly, on September 20, 1925, the Commissioner of Internal Revenue assessed a special tax against the appellant for each sale so made, the total assessment being $1,289.50. The appellant, under protest, paid the assessment and thereafter filed with the Commissioner of Internal Revenue a claim for the refund thereof, which claim was rejected on the ground that the contracts were taxable as conveyances of real estate. The appellant thereupon brought its action in the court below to recover the sum so paid by it.

The Revenue Acts of 1918, 1921, and 1924, which cover the period of the execution of said contracts, imposed a tax upon "deed, instrument, or writing, whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser." 40 Stat. 1137; 42 Stat. 305; 43 Stat. 335. The court below found that the contracts of sale were all made with a view to the severance of the timber from the soil within a reasonable time, that the time limit granted in each contract to the purchaser within which to remove the timber was a reasonable time considering the condition of the land and timber and the conditions surrounding the parties, and held that each of the contracts was a contract for the sale of an interest in real property.

The assignments of error present, when all is said, but the single question whether or not the contracts executed by the appellant were deeds, instruments, or writings whereby lands, tenements, or other realty were sold. Were they documents on which stamps were required to be imposed? Article 29 of the 1924 Internal Revenue Regulations relating to stamp taxes on documents provides that what constitutes lands, tenements, or other realty "is determinable by the law of the state in which the property is situated. Standing timber is ordinarily held to be real estate, and where so held the deed transferring it is subject to the tax."

We find both in England and in the United States diversity of view among the decisions upon the question whether or not the conveyance of growing timber is a conveyance of an interest in land, but the prevailing rule in most jurisdictions seems to be that the timber is part of the land, and that title thereto can be conveyed only by a written instrument which complies with the statute of frauds. 17 R. C. L. 1070; 38 C. J. 153. Many of the authorities which hold that the sale of standing timber to be speedily removed from the land is not a sale of an interest in land declare that the true criterion is the intent of the parties; that is to say, that if they contemplated a beneficial use of the land for the support and further growth of the trees, it is a sale of an interest in the land, and otherwise not. Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Kent v. Kent, 18 Pick. (Mass.) 569; Nettleton v. Sikes, 8 Metc. (Mass.) 34; Nelson v. Nelson, 6 Gray (Mass.) 385; Douglas v. Shumway, 13 Gray (Mass.) 498. In Goodnough Mercantile & Stock Co. v. Galloway (D. C.) 171 F. 940, Judge Wolverton held that a contract in writing for the sale of standing timber, contemplating separation from the soil within a reasonable time, with a mere license to enter and take the timber away, is not a sale of an interest in land, within the statute of frauds, but is a sale of chattels only.

The instruments here in question are in form conveyances of standing timber acknowledged and witnessed, but they expressly provide that "no interest in the land herein described is granted or conveyed by this instru-

ment, other than the right to cut and remove said timber within the time and upon the conditions herein prescribed." Whether these instruments conveyed interests in land or personalty only is not directly answered by decisions of the courts of either the state of Washington or the state of Idaho. In Brodack v. Morsbach, 38 Wash. 72, 80 P. 275, it was held that, whether or not a contract for the sale of growing timber was a sale of an interest in land, the timber nevertheless became personal property upon execution and delivery of the contract, and the only interest the purchaser had or could claim in the land was an implied license to enter and remove the timber.

In France v. Deep River Logging Co., 79 Wash. 336, 140 P. 361, Ann. Cas. 1916A, 238, the court recognized the distinction between the sale of standing timber with a right to enter and remove it within a fixed period, or within a reasonable time, and the sale of standing timber with the right to enter and remove the same at the pleasure of the grantee, under a deed conveying to him the granted property and privileges forever. In that case the vendor under a deed conveying the "granted property and privileges forever" sold to the vendee the timber, with the right to enter upon the land and remove it at the vendee's pleasure, and the court held the granted right to be a perpetual right to enter and remove the timber at any time, and that it did not sever the timber from the soil, so as to convert it into personal property.

The decision did not meet the precise question which is now before this court, but in the course of the opinion that court used language which the majority of the members of this court take as the expression of its view upon the subject when it said: "It may now be regarded as the settled law of this state, in harmony with the decided weight of authority elsewhere, that conveyance of standing timber, with the right of entry upon the land and removal of the timber therefrom in the future, whether the time of removal be measured by stated or reasonable time, is within our statute requiring conveyances of real estate or any interest therein to be by deed."

In view of that utterance of the Supreme Court of Washington, and in view of the fact that by the weight of authority instruments such as those which are here under consideration are held to be conveyances of an interest in real estate, the judgment as to the sales of timber, both in the state of Washington and the state of Idaho, is affirmed.