## GEORGE B. MORRISON *et al.*
### *v.*
## JOHN W. NORMAN *et al.*

| 47 | 477 |
| 113 | 287 |
| 144 | 39 |
| 47 | 477 |
| 163 | 500 |
| 47 | 477 |
| 172 | 365 |
| 47 | 477 |
| 195 | 1207 |

1. COLOR OF TITLE—*a deed regular on its face is color of title.* It is the settled rule of this court that a deed regular on its face is good color of title, under the statute, and that bad faith will not be presumed of the grantee, in the absence of proof.

2. So where lands are sold to pay taxes, and a deed is made at the proper time, and is regular on its face, the grantee claiming only color of title under it, the presumption is, that the notice required by the constitution was properly given.

3. But if facts are adduced sufficient to overcome this presumption of regularity, while the title remains in the original grantee, and he then fails to establish the fact of giving the required notice — *semble,* that this breach of duty would amount to bad faith, and defeat his claim under the statute.

4. FORMER DECISIONS. The doctrine that the claimant, under a tax title, must show that he gave the notice prescribed by the constitution, as laid down by this court in *Holbrook* v. *Fellows,* 38 Ill. 440, has reference to cases where a paramount title is claimed under such deed, and not to cases where such deed is merely color of title, under the statute of limitations.

5. STATUTE OF LIMITATIONS—*when it commences to run.* The seven years' bar under the statute, commences to run from the first payment of taxes after the execution of the deed, though the taxes, in fact, were due before that time.

6. TAX RECEIPT—*misdescription in.*  A tax receipt which erroneously states the number of acres in a tract of land, but describes a legal subdivision, is good, and the statement of the quantity is immaterial.

7. MARRIED WOMAN'S SEPARATE PROPERTY ACT—*effect of on statute of limitations.* The provisions of the law of 1861, known as the married woman's separate property act, does not so far remove the disabilities of coverture as to take married women out of the saving clause of the statute of limitations.

WRIT OF ERROR to the Circuit Court of Clinton county ; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts material to an understanding of the opinion of the court are stated therein.

Mr. W. H. UNDERWOOD and Mr. W. A. J. SPARKS, for the plaintiffs in error.

Mr. A. H. WHITE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, in which the plaintiffs proved a title under the patentee, and the defendants set up color of title, and payment of taxes thereunder, for seven successive years.  The circuit court held the defense established, except as against such of the plaintiffs as were within the saving clause of the statute, by virtue of their coverture.  The plaintiffs against whom judgment passed, have brought up the record.

It is urged by the counsel for plaintiffs in error, that the defendants did not show color of title, made in good faith. They gave in evidence, a tax deed running to Lear, the landlord of his co-defendant, Morrison, and made in November, 1850.  The objection taken to this is, that the defendants did not prove the notice of the tax sale, required by the constitution to be given before the purchaser is entitled to a deed, and

it is urged that, inasmuch as this notice was to be given by the defendant who sets up the deed, if he failed to give it he knew the deed conveyed no title, and the case of *Holbrook* v. *Fellows*, 38 Ill. 440, is cited. But in that case the tax deed was offered, not as color of title, but as paramount title. In the case before us, it is offered as color of title, simply, and that was defined, in *Dickinson* v. *Breeden*, 30 Ill. 326, after reviewing all the previous decisions of the court, to be "any deed or instrument in writing which purports, on its face, to convey title, for which a party is willing to, and does pay his money, apart from any fraud." This is precisely such a deed; it purports to convey the land for non-payment of taxes, and is executed by an officer authorized by law to perform this act. Counsel cite the case of *Bowman* v. *Wettig*, 39 Ill. 428; but a careful reading of the opinion of the court in that case, will show that it lends no authority to the position of counsel for plaintiffs in error. In that case the tax deed, made to the defendant in possession, was made before the expiration of two years from the day of sale, and this fact appeared on the face of the deed. We, therefore, held that the party setting up this deed knew, when he caused it to be executed, that he was not entitled to it, and that it was a fraud in him, upon the rightful owners, to take it out at that time. But it was also said, in the same case, in conformity with the previous rulings of the court, that "the presumption will be in favor of good faith, until rebutted, when the deed is not prohibited by law, and purports to convey title." It is the settled rule of this court, that a deed, regular upon its face, is good color of title under this statute, and that bad faith or fraud, on the part of of the grantee, is not to be presumed, in the absence of proof.

Applying this ruling to the present case, we must hold the tax deed which, upon its face, showed no illegality, to be good color of title, and that it was not incumbent on the defendant to further prove that he gave notice of his purchase, as it would have been if he had offered this deed as paramount

title, instead of merely color of title. If, however, the plaintiffs had, by producing the files and records from the clerk's office, raised the presumption that no notice had been given, and the defendants had failed to overcome this presumption, by actual proof of notice, the question would then have arisen whether the failure on the part of a purchaser at a tax sale to give the notice required by the statute is not, as against him setting up his tax deed as color of title, such a fraud upon the owner of the land as to take from the defense the statutory element of good faith. A purchaser from the grantee, in the tax deed, clearly would not be affected by it; but whether the grantee himself may not be, on the ground that it was a failure of duty on his own part, and not merely an official delinquency, is quite a different question, and we will not decide it until presented by the record. As the plaintiffs in error are entitled to a new trial, under the statute, the facts can then be shown.

It is also objected by the plaintiffs in error, that the payment of the taxes for the year 1850 should not be counted in the seven years, because the tax deed was not made until the 11th of November, 1850, and the tax had accrued before that date. The taxes, however, were not paid until after that date, and the statute began to run upon their payment, and the bar was complete in seven years from that time, seven years' taxes having been paid.

Equally untenable is the objection to the receipt for the taxes of 1856, on the ground that it is only for a hundred acres, without a definite description. The receipt is not for one hundred acres, part of a certain quarter, but is for the entire quarter, by definite description, containing one hundred acres. This description, as to quantity, may be incorrect, but it is wholly immaterial. The receipt is for the whole quarter, be the quantity more or less. Such a description in a deed would pass the entire quarter.

By agreement of parties, the defendants in error have assigned cross errors, and they urge that judgment was improperly rendered in behalf of the married women, who were within the saving clause of the statute. The argument is, that the act of 1861, known as the married woman's act, as it gave them the separate control of their own property, should be considered as removing their disabilities, and, therefore, take from them the benefit of the saving clause in the statute. But this consequence does not follow. A married woman, even before the act of 1861, was under no disability to bring a suit, jointly with her husband, any more than an infant. We mean by this, there was no legal obstacle to a suit in her way. But the statute did not impute *laches* to her for failing to sue, because her acts were so largely and necessarily under the control of her husband. This control must still continue, in a great degree, notwithstanding the legislation of 1861, and we do not feel at liberty to say that an act, whose primary object was merely to secure the property of married women from being squandered by an improvident husband, or sold by his creditors, should be held to repeal, by implication, a very important provision in our statutes of limitation. These acts and the act of 1861, are not *in pari materia*, and probably the legislature, in passing the latter, never bestowed a thought upon the former.

A complete revision of the law of husband and wife, in the spirit of the act of 1861, might lead to many important changes, but we should be going beyond our allotted sphere if we entered upon so wide a field of judicial legislation. We must hold the saving clause of the limitation laws to be unaffected by the act of 1861.

*Judgment affirmed.*

BREESE, CH. J., being interested in this suit, took no part in the decision thereof.