## AMAZIAH DALTON

### *v.*

## ABRAM LUCAS.

63 337
163 500

63 337
172 366

63 337
204 ¹453

1. TAX DEED—*color of title.* When a sheriff's deed to land under a sale for taxes is offered as claim and color of title, if the element of good faith be wanting, the party can not avail of it, even for the purpose of defending his possession.

2. STATUTORY NOTICE. The purchaser at a tax sale is presumed to know the provision of the constitution and laws requiring him to give notice of his purchase to the owner or person in whose name the land is assessed, and, failing to do so, his deed will be held to be procured in fraud of the owner's rights.

3. But a subsequent grantee would not be affected by the *laches* of a purchaser at a tax sale.

4. PRESUMPTIVE PROOF. The fact that no affidavit of notice can be found in the county clerk's office, raises a presumption that the notice was not given, and makes it the duty of a party claiming under a tax deed to prove that the notice was actually given—otherwise his claim lacks the statutory element of good faith, and can not prevail against the paramount title.

5. INVALID TAX SALE—*when purchaser protected.* One who purchases at a tax sale, and who unites possession to payment of taxes for seven successive years under his tax deed, will be protected, even though on its face it shows that the tax sale was invalid, if there be nothing to charge the purchaser with actual bad faith. Good faith will be presumed until the contrary is made to appear.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of ejectment, brought by Dalton, to recover a tract of land. He showed patent from the United States to John Marshall Dec. 24, 1849, and deed from Marshall to himself, June 21, 1871. The defendant, Lucas, exhibited a sheriff's tax deed dated July 1, 1862, upon a sale made June 25, 1860, and proved possession with payment of taxes for more than seven years. The plaintiff then proved

22—63D ILL.

by the county clerk that he had searched the records and files of his office for the affidavit of notice which is required to be made prior to the execution of the tax deed by the sheriff, and that his office contained no such paper, but that he thought his predecessor had told him that the affidavit was made.

Judgment was rendered for the defendant, affirming his tax title.

The motion of the plaintiff for a new trial being overruled, he brings his appeal to this court on bill of exceptions.

Mr. S. A. FOLEY, for the appellant.

Messrs. BEASON & BLINN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The appellant deduces a perfect title to the land in controversy through the patentee from the Government to himself.

The appellee claims the same premises by virtue of a tax deed executed to him on the first day of July, 1862, by the sheriff of Logan county, which he offered in evidence as claim and color of title, together with proof of the payment of taxes and possession for a period of seven successive years.

The only question suggested and argued by counsel is, whether the appellee obtained the deed upon which he relies to constitute color of title, in good faith.

The deed was not offered as paramount title, and where offered as claim and color of title, if the element of good faith is wanting, the party can not avail of it, even for the purpose of defending his possession. This doctrine is as well settled as any rule of property in this State.

In *Bowman* v. *Wettig*, 39 Ill. 416, it was held that a party holding a certificate of purchase of land at a tax sale, who accepts a deed therefor before the two years allowed for redemption expires, knows that he is not entitled to it, and can not be considered as acquiring the color of title which such

deed, if he was entitled to it, would give him, in good faith, within the meaning of the first or second section of the act of 1839.

In the case at bar it does not appear that the appellee gave the statutory notice before taking out his deed, and this fact is relied on to show that he acted in bad faith.

The constitution of 1848, and the statute passed in pursuance thereof, both require that the purchaser at a tax sale shall give notice of his purchase to the owner or party in whose name the land is assessed, so that such party may have the opportunity to redeem, and a person who buys at such a sale will be presumed to be familiar with these provisions of the constitution and the statute that have been so long in force in this State.

The law makes it the duty of the purchaser to give such notice, and where a party knowingly omits to comply with this provision of the statute, before taking out his deed, it must be held that he procured the deed in fraud of the rights of the true owner. The very law under which he made the purchase makes it his duty to give the notice, and it is not unreasonable to suppose that he was familiar with all its provisions, and if he accepts the deed without giving the requisite notice, he will be considered as acquiring the deed in fraud of the law.

A subsequent grantee would not be affected by the *laches* of a purchaser at a tax sale, but the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for some sinister purpose, and will not be permitted to avail of a deed procured by such neglect, as color of title within the meaning of the statute.

From the evidence of the county clerk, it appears, negatively at least, that no notice was ever in fact given by the appellee of his purchase. No affidavit which would afford the evidence of such fact could be found in the office of the county clerk after diligent search. This evidence tended to impeach the good faith of the conduct of the appellee in taking out

the deed, and was certainly sufficient to have required some explanation on his part. Yet, although he was present in court at the trial as a witness, he offered no proof, by his own evidence or otherwise, that the notice required by law was in fact given.

In the case of *Morrison et al.* v. *Norman et al.* 47 Ill. 477, on this exact question, the court say: "If, however, the plaintiff had, by producing the files and records from the clerk's office, raised the presumption that no notice had been given, and the defendants had failed to overcome this presumption by actual proof of notice, the question would have then arisen whether the failure on the part of a purchaser at a tax sale to give the notice required by the statute, is not, as against him setting up his tax deed as color of title, such a fraud upon the owner of the land as to take from the defense the statutory element of good faith."

The appellant, by proof that he had caused the files and records of the county clerk's office to be examined, and that no affidavit could be found, raised a presumption that no notice had been given, and it was therefore the duty of the appellee to overcome this presumption by proof that the notice required by the statute was actually given previous to taking out the deed. Having failed to make this proof, we must hold that the deed offered by the appellee as claim and color of title lacked the statutory element of good faith, and that he could not avail of it as a defense to the paramount title.

We are not to be understood, from anything said in this opinion, as departing from the former decisions of this court, which have given construction to this statute of limitation which has done so much to quiet titles.

We have held, in another case, decided at the present term, that one who purchases at a tax sale, and who unites possession to payment of taxes for seven successive years under his tax deed, will be protected, even if the deed on its face shows that the tax sale was invalid, if there is nothing to charge the

purchaser with actual bad faith. A clear and well defined distinction may be taken between that class of cases and the one at bar. A purchaser will not be charged with bad faith because he presumes that the officers assessing the tax and making the sale proceeded according to law. It has often been held by this court that good faith will be presumed until the contrary is made to appear.

But where, as in this case, the title is defective because the purchaser himself has failed to do what the law required him to do in order to give the owner an opportunity to redeem his land, the presumption of good faith is overcome, and the statute will not protect him.

While the statute was intended to, and does, afford protection to the honest purchaser, it will not assist a party to maintain a title which was obtained in bad faith.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*