[No. 4415.]

## RICHARDS v. BEGGS.

**Tax Deeds—Notice of Expiration of Time for Redemption—Evidence.**

A tax deed is not admissible in evidence to establish title to real estate unless it first be proven either that the statutory notice was given of when the time for redemption would expire before the deed was issued, or that the assessed valuation was less than five hundred dollars.

*Error to the District Court of Phillips County.*

Plaintiff in error brought an action in ejectment against the defendants in error. Section 3902a, 3 Mills' Ann. Stats., provides that a deed shall not issue for lands sold for taxes of an assessed valuation of five hundred dollars, unless there has been served upon the parties specified a notice when the time for redemption from such sale will expire. Plaintiff's only evidence of title to the premises in dispute was a tax deed, which he offered without any preliminary proof as to the assessed valuation of the land which it purported to convey, or that the required notice of the time of redemption of such lands had been given.

For these reasons the deed was refused, and plaintiff offering no further evidence, a judgment as of nonsuit was entered. He brings the cause here for review on error.

Messrs. ALLEN & WEBSTER and Mr. W. D. KELSEY, for appellant.

Mr. WILLIAM T. ROGERS, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

In the absence of statute, a tax deed is not admissible in evidence except it be accompanied by proof that the requirements of the law which authorize its issuance have been complied with.—*Lebanon M. Co. v. Rogers,* 8 Colo. 34. Section 3902, 2 Mills' Ann. Stats., provides that a tax deed, when substantially executed in the statutory form, shall be *prima facie* evidence of certain facts. None of these matters, however, cover the prerequisites to obtaining a tax deed as contemplated by sec. 3902a, *supra.* By the provisions of this section a tax deed cannot issue upon a tax sale certificate without previous notice of the time when the right to redeem would expire, unless the assessed valuation upon which the sale was based was less than five hundred dollars. No presumptions obtain that the preliminaries which authorize the issuance of a tax deed have been observed, or that the conditions necessary for its issuance existed, except as fixed by statute; hence, so far as the authority of the treasurer to issue a tax deed is dependent upon the conditions contemplated by the section under consideration, they must be shown to exist by evidence *aliunde,* for the deed itself would not prove them. It is, therefore, incumbent upon the party claiming real estate under a tax deed to prove either that the statutory notice was given, or that the

assessed valuation rendered it unnecessary to give such notice before the deed would be admissible in evidence.

The judgment of the district court is affirmed.

*Affirmed.*