[No. 7642.]

DENVER, BOULDER & WESTERN RAILROAD CO. v. McDON-
OUGH.

APPEALS—*Verdict on Sufficient, Though Conflicting Evidence*, will not be disturbed.

*Error to Boulder County Court.*—Hon. E. J. INGRAM, Judge.

Mr. E. E. WHITTED, Mr. R. H. WIDDICOMBE and Mr. J. M. CATES, for plaintiff in error.

Mr. O. A. JOHNSON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an action to review a judgment of the county court of Boulder county, wherein the defendant in error recovered the sum of $200 for the loss of two colts, by reason of the alleged negligence of the plaintiff in error. The cause was first tried before a justice of the peace and afterward and upon appeal, by the county court. There are no pleadings in the case and in so far as the abstract discloses, no instructions, and none are discussed in the brief, although counsel assigns as error, that the verdict is contrary to the instructions.

It appears that plaintiff's colts were traveling in an easterly direction and on the tracks of defendant, near the village of Sunset, in Boulder county. Both colts were on a trestle or bridge, upon which the tracks were laid. One of the animals was at the time apparently entangled, by its legs having dropped through spaces between the ties on the trestle. It is not clear whether the other one jumped or was struck by the

engine of defendant's train, but it was found on the ground below the trestle, the tracks upon which were from ten to twelve feet above the surface. Its back was broken and there were other injuries so that it became necessary to kill it. The animal on the trestle was crushed and it would seem, instantly killed.

The bridge or trestle was sixty-four feet long and straight, but located in what is termed a left-hand curve, looking toward the west. The creek bank on the right side of the track looking westward, would appear from the testimony to be anywhere from ten to thirty feet high.

The record is very hazy as to just where on the trestle the animals were when the accident occurred. The train was moving up grade and westward. The engineer was the only eye witness to the accident and testifies in substance: That the first intimation he had that there was anything ahead of him on bridge No. 31, was after the engine had rounded the curve and straightened up so he could see ahead, at which time his engine was on the east end of the bridge; that he saw some object, but could not tell whether it was a dog, man or what it was, whereupon he set the emergency brake; the train was moving at a speed of between 15 and 18 miles per hour. It took him probably two or three seconds to put the emergency brake in operation. He did not reverse the engine because he did not have time; he was looking straight ahead but was unable to see the bridge until the pilot was on the east end of the bridge on account of the sand box and smoke stack which are in the way; that you have to wait until the engine straightens around, and that you cannot see all of the bridge at any time when going west, for the reason that the engine is in the way, the line of vision being obstructed by the head of the boiler and steam dome; that he can't see over the top of the boiler; that he can only see straight out in front.

The fireman testifies that he was shoveling coal at the time, and had been so engaged for about two minutes.

On the part of the plaintiff, several witnesses testifying from measurements, say that there is a clear vision from a point east and on the outer rail for a distance of one hundred and seventy feet from where the animal, or animals, were said to have been struck by the engine. This distance, it will be observed, would be much greater on the fireman's side of the engine. The engineer says that the train was stopped within from fifty-four to sixty feet after applying the emergency brakes.

The contention of appellant is that there was no proof of negligence, and that the court erred in refusing to direct a verdict for the defendant.

It will be seen that the testimony is conflicting in that the engineer testifies that he did not and could not see the animals in time to prevent the accident, while the testimony on the part of plaintiff tends to show that by the exercise of care and diligence, he could have seen the animal in time to have prevented the collision.

This latter contention would appear quite well established if the fireman is to be considered as the company's representative in this respect.

The case of *R. G. W. R. R. Co. v. Boyd,* 44 Colo. 122, presents a similar case of conflicting testimony, and it was there held to be a question for the jury.

Upon the authority of that case the judgment is affirmed.

*En banc.*

Mr. JUSTICE GARRIGUES dissenting.