[No. 3789.]

## JACKSON v LARSON ET AL.

1. LIMITATIONS—*Color of Title—What is*, is a question for the court.

2. —— *Void Deed.* A treasurer's deed, upon sale of land for taxes, void upon its face, is admissible to show color of title, even though there is no evidence that notice was given to the owner of the intended demand for the deed, or that the assessed value of the land was such as to render the notice unnecessary (Rev. Stat., sec. 5727).

3. —— *Good Faith.* The good faith of the party claiming under a color of title is a question of fact.

4. TRIAL—*General Finding.* A general finding concludes all issues upon which the evidence is in conflict.

   Oral remarks of the presiding judge in giving reasons for his conclusion have no effect to impair the force of the findings afterwards formulated and entered of record.

5. APPEALS—*Findings on Sufficient Evidence*, though conflicting, are conclusive upon appeal.

*Appeal from Weld District Court.* HON. NEIL F. GRAHAM, Judge.

Mr. JOHN T. JACOBS, for appellant.

Messrs. DELPH E. CARPENTER, HERBERT M. BAKER, and R. E. WINBURN, for appellees.

BELL, J.

This is an action to quiet title under Section 255, Mills' Annotated Code, brought by Eric Larson and Edwin T. Larson, appellees, in the district court of Weld County, against Jerome F. Culp, a former owner of the title to the west half of Section 19, Twp. 11 N. of R. 61 W. of 6 P. M., in said county, which is here in controversy.

It seems that the Union Pacific Railroad Company, the patentee from the government, transferred said property to Jerome F. Culp above named, who neglected to pay the taxes thereon, and the treasurer of said county sold the same for the taxes so due, and the county bought it in, assigned the certificate of purchase to John Sedgwick, who, on December 17th, 1901, received a treasurer's deed to all of Section 19 aforesaid, and, by a quit-claim deed, bearing date January 27th, 1902, and acknowledged in 1904, purported to convey the west half of said Section 19 to the appellees herein. The evidence shows that, in the early spring of 1902, the appellees took possession of the last named property, and fenced the same thereafter, and, beginning July 1st, 1902, paid all taxes legally assessed there against for seven consecutive years, then brought this suit against Jerome F. Culp, the grantee of said railroad company. The said Culp defaulted, and made no defense to the action, and, on the 20th day of November, 1909, executed and delivered to James B. Jackson, appellant, for an expressed consideration of $100, a quit-claim deed for said west half of Section 19; and on the 16th day of December, 1909, by stipulation of the parties hereto, the said Jackson was made a party defendant, and afterward filed an answer, and later an amended answer and cross-complaint, setting up the invalidity of the treasurer's deed, and averring that said treasurer's deed was void upon its face, and the sole foundation of any claim or right the appellees had in the premises. By cross-complaint said Jackson set up his title to the premises, and asked that it be quieted in him. The appellees, in their replication, among other things, set up the two seven year statutes of limitation.

It is admitted by counsel that the treasurer's deed is void upon its face, and if offered in evidence to establish the paramount title to the property, that it would be inadmissible. However, in this case it was offered merely

as evidence of color of title. It was also objected to because the appellees did not show nor offer to show that the assessed value of the land was under $500, nor that notice was given to the owner of the intended demand on the treasurer for a deed. There is no evidence on these subjects from either side, and the court held that, for the purpose of proving color of title, for which the deed was offered, it was admissible; and it is our opinion that the ruling of the trial court in this respect was proper.

A color of title is a mere pretense of title, but not a valid title. It purports to be a good title, but is not so in fact.

In *Lebanon Mining Co. v. Rogers,* 8 Colo., 34-37, 5 Pac., 661, the court said:

"In *Wright v. Hattison,* 18 How. (U. S.), 56, it is said that 'the courts have concurred, it is believed, without an exception, in defining color of title to be that which has the appearance of title, but which in reality is no title. They have equally concurred in attaching no exclusive or peculiar character or importance to the ground of invalidity of an apparent or colorable title; the inquiry with them has been whether there was an apparent or colorable title under which an entry or a claim has been made in good faith.' "

It will be noticed from this decision of the United States court, approved by our own supreme court, that "no importance is attached to the ground of invalidity of an apparent or colorable title."

Counsel for appellant vigorously contends that a treasurer's deed, similar to the one before us, was held incompetent evidence in *Richards v. Beggs,* 31 Colo., 186, 72 Pac., 1077. There is no intimation in that case that the treasurer's deed was offered merely as a colorable title to support the possession and payment of taxes under the statutes of limitation. The court held, however, that it was incumbent upon the parties claiming real estate under

a tax deed to prove, either that the statutory notice was given, or that the assessed valuation rendered it necessary to give such notice before the deed would be admissible in evidence. This is the undoubted rule where the treasurer's deed is offered to establish the paramount title. However, the rule is to the contrary where the deed is offered as a mere color of title. A tax deed, invalid upon its face, has been repeatedly held to be a color of title in this jurisdiction.—*De Foresta v. Gast,* 20 Colo., 307, 38 Pac., 244; *Hogue v. Magnes,* 29 C. C. A., 564; 56 U. S. App., 500, 85 Fed., 357; *Bennett v. N. C. S. L. & I. Co.,* 23 Colo., 470, 56 Am. St. Rep., 281, 48 Pac., 812; *Brinker v. U. P. D. & G. R. Co.,* 11 Colo. App., 166, 55 Pac., 207; *Williams v. Conroy,* 35 Colo., 117, 83 Pac., 959.

If it were a rule that a tax deed, void upon its face, was inadmissible in evidence to prove color of title, then such a deed could not be held good as a color of title, as there would be no way to use it beneficially.

In *De Foresta v. Gast, supra,* the supreme court said that a tax deed gives color of title, even though a person of legal learning and experience may, by a critical examination, discover defects in the instrument fatal to its validity.

Counsel for appellant contends that our seven year statutes of limitation were taken literally from those of the state of Illinois, and, when we adopted the statutes, we adopted the construction placed upon them by the courts of that state, and cites the cases of *Bowman v. Wettig,* 39 Ill., 416, and *Dalton v. Lucas,* 63 Ill., 337, as cases directly in point and decisive of the case before us.

The Illinois cases cited were unfortunately based upon the erroneous doctrine that a person who buys property at a tax sale will be presumed to be familiar with the provisions of the constitution and statutes pertaining to securing titles thereunder, and if such a purchaser secures a deed void upon its face, he is presumed to know

the law, and he cannot be said to be holding the premises under color of title in good faith.

Both of these holdings by the Illinois court have been repudiated by the subsequent decisions of the courts of the state of Colorado, and likewise by the courts of the state of Illinois. It was said in the case of *De Foresta v. Gast, supra,* that a tax deed regularly executed gives color of title, though an expert or lawyer might, by inspection, see that it was void upon its face, and, in *Brinker v. U. P. D. & G. R. Co.,* 11 Colo. App., 166, 55 Pac., 207, it was held, in direct conflict with the case of *Bowman v. Wettig,* that a tax deed which issues before the period of limitation expires is a valid color of title. The supreme court of Illinois, in speaking of the doctrines announced in the Bowman-Dalton cases, *supra,* said:

"It is claimed that the cases of *Bowman v. Wettig,* 39 Ill., 416, and *Dalton v. Lucas,* 63 id., 337, establish the doctrine that defendant was bound to know the law, and to know that the verbal contract for the land could not be enforced, and that the decree for its enforcement was erroneous, and therefore he was guilty of bad faith in so acquiring the deed. Such a doctrine would abrogate the statute (of limitation) and require the party claiming its benefit to establish a valid title, and in the case of *Davis v. Hall,* 92 Ill., 85, it was said that the apparent teachings of the opinion in *Bowman v. Wettig, supra,* had not been adhered to in the later cases. The decision in *Dalton v. Lucas* was based on the prior case of *Bowman v. Wettig,* but if given full effect it could not influence the decision in this case."—*Sexson v. Barker,* 172 Ill., 361-366, 50 N. E., 109.

It would seem that the above and other later Illinois decisions have limited the Bowman-Dalton cases as authority to such cases as involve a knowing and intentional omission by a purchaser at a tax sale to give the notice

required by statute, and thereby keep the owner in ignorance of his rights.—*Sexson v. Barker, supra,* 367.

In *Miller v. Pence,* 132 Ill., 149, 23 N. E., 1030, the court had under consideration the requisites of a notice prior to introducing the deed as evidence of color of title, and the supreme court of Illinois said:

"The statute requires notice to be served on the person in whose name the land was taxed, * * * as a condition to obtaining a deed, * * * and, as this requirement of the statute was not observed, the tax title cannot be held to be paramount title. But, * * * those deeds constituted color of title; and it appears from the evidence that appellee entered into possession of the premises in 1879 under color of title, and remained in possession for more than seven successive years, and during that period paid all taxes assessed on the premises. The color of title thus established, with proof of possession and payment of taxes, clearly brought appellee within Section 2 of the Act of 1839."

See also *Morrison v. Norman,* 47 Ill., 477-479.

The court in the Bowman-Dalton cases, as a presumption of law, held that possession under color of title under the tax deeds was not held in good faith. That doctrine has been repudiated by the subsequent decisions of the courts of Colorado and Illinois. Our supreme court, in speaking to this question, said:

"As has been said by the supreme court of Illinois construing this statute: 'The law presumes that all men act in good faith, until there is some evidence to the contrary'; and again: 'Color of title made in good faith is shown by any deed or instrument which purports on its face to convey title which a party is willing to and does pay his money for, apart from any fraud. The deed itself purports good faith, unless facts and circumstances attending its execution show the party accepting it had no faith or confidence in it.'"—*Knight v. Lawrence,* 19 Colo., 425-433, 36 Pac., 242; *Sexson v. Barker, supra,* 365.

A color of title, or what it is rather, is a question of law, to be decided by the court on an inspection of the paper title presented. The good faith of the party claiming under the color of title is a question of fact to be decided on sufficient evidence.—*Latta v. Clifford,* 47 Fed., 614; 2 Ency. L. & P., 409-411.

The appellant offered no evidence whatever as to the bad faith of the appellees or their grantor in securing or holding the premises. The appellees and the grantee in the tax deed went upon the stand at the trial, and each testified to the good faith of these transactions.

If we should admit, for argument's sake, that the Bowman-Dalton cases are authority for the purposes cited, even then they would not apply to this case, as they limit their application to the grantee in the tax deed, as is said in the syllabus of *Bowman v. Wettig, supra,* page 418:

"But a purchaser from a grantee in a tax deed, which was executed before the expiration of two years from the sale, would not be held to notice of the illegality appearing on its face."

And in *Dalton v. Lucas, supra,* at page 339, it is said that:

"A subsequent grantee would not be affected by the laches of a purchaser at a tax sale, but the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for a sinister purpose, and will not be permitted to avail of a deed procured by such neglect."

This seems to be a complete answer to the contention of appellant that appellees could not tack their possession under the quit-claim deed to the possession of Sedgwick under the treasurer's deed.

As we understand, appellant's contentions are, first, that the treasurer's deed was void upon its face, hence not a valid color of title, and that appellees failed to show

the amount of the assessment or notice of demand for the deed; secondly, that, while the quit-claim deed bears date January 27th, 1902, it was not signed nor delivered until 1904; thirdly, that, assuming said deed was delivered in 1904, and that the possession thereunder could not be tacked to the possession under the treasurer's deed, there was not a holding under color of title for ˜seven years, hence the seven year statute, providing for a holding under a claim and color of title, did not operate.

The trial court, upon conflicting evidence, found that the quit-claim deed was signed and delivered about the 27th day of January, 1902, and that the appellees early in the spring of that year took possession of the property, fenced it, and in the month of July following commenced the payment of taxes, and completed their title by holding under said quit-claim deed in good faith and by paying all taxes legally assessed there against for seven years; but said nothing about the holding under the tax deed in its oral announcement. However, in its ultimate written findings and decree filed in court, it said:

"(The court) doth find the issues herein joined generally in favor of said plaintiffs on their complaint, answer and replication, and against the defendant Jackson, on his amended answer and counterclaim and replication."

This was a finding and decree upon all issues where there was conflicting evidence, and the oral announcements of the court, upon which appellant's counsel bases his argument, are but the reasons given for its decision.— *County Commissioners of Montezuma County v. Frederick,* 50 Colo., 465, 115 Pac., 514; *Stough v. Reeves et al.,* 42 Colo., 432, 436, 95 Pac., 958.

In the latter case the supreme court said:

"Counsel for appellant has included in the bill of exceptions and in the abstract of the record the oral remarks made by the court at the time of the rendition

of the judgment, instead of the findings formulated and signed by the court and entered of record as its ultimate findings of fact and conclusions of law, and counsel predicates much of his argument upon some expressions found in the oral disquisition of the judge as to the specific objection that the description was subject to. We can consider only the ultimate conclusions of the court as expressed by the record, and we are not concerned with the reasons by which the court below arrived at such conclusion.''

In the Stough case, *supra,* in the oral announcement of the trial judge, he found on a minor objection that the tax deed was invalid, and did not mention many other, more substantial, objections. However, in his recorded conclusions and decree, the finding was general. The supreme court held that his conclusion on the minor objection was erroneous, but sustained the decree on the more substantial objections to the deed, which were not mentioned by the trial judge in his oral announcement.

We have examined the evidence as to the time when the quit-claim deed was signed, and all the circumstances attending the transaction; and we think that there is sufficient evidence to sustain the findings and decree of the court, and also to support the finding that the quit-claim deed was signed and delivered early in the year 1902. The mere fact that the appellee, Eric Larson, was uncertain as to when the deed was signed and delivered did not prevent the court from considering the evidence of the grantor and the attending circumstances as sufficient to justify its conclusion, and we are concluded by these findings made upon conflicting evidence.—*Denver etc. Co. v. McDonough,* 54 Colo., 515-517.

The findings of the trial court are affirmed, with costs.

CUNNINGHAM, Presiding Judge, specially concurring:

I concur in the result reached in the majority opinion in this case, but base my concurrence entirely upon the

rule laid down in *Bowman v. Wettig,* 39 Ill., 416, and in *Dalton v. Lucas,* 63 Ill., 337, wherein it is held that:

"A purchaser from a grantee in a tax deed, which was executed before the expiration of two years from the sale, would not be held to notice of the illegality appearing on its face."—*Bowman v. Wettig, supra.*

And:

"A subsequent grantee would not be affected by the laches of a purchaser at a tax sale, but the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for some sinister purpose, and will not be permitted to avail of a deed procured by such neglect."—*Dalton v. Lucas, supra.*

On all other points the majority opinion, as I view it, is diametrically opposed to the rule announced by our supreme court in *Richards v. Beggs,* 31 Colo., 186, 72 Pac., 1077. It is true, as is said in the majority opinion, that in the Richards case:

"There is no intimation in that case that the treasurer's deed was offered merely as colorable title to support the possession and payment of taxes under the statutes of limitation."

But it is equally true that there is nothing in the Richards opinion which indicates any limitation whatever upon the rule therein announced, which is unequivocal, that a tax deed is not admissible in evidence to establish title to real estate unless it first be proven, either that the statutory notice was given of when the time for redemption would expire before the deed was issued, or that the assessed valuation was less than $500. The two closing sentences of the opinion in the Richards case are too plain to require construction or to warrant cavil, and they read as follows:

"No presumptions obtain that the preliminaries which authorize the issuance of a tax deed have been observed, or that the conditions necessary for its issuance

existed, except as suggested by statute; hence, so far as the authority of the treasurer to issue a tax deed is dependent upon the conditions contemplated by the section under consideration, that must be shown to exist by evidence *aliunde,* for the deed itself would not prove them. *It is, therefore, incumbent upon the parties claiming title under a tax deed to prove, either that the statutory notice was given, or that the assessed valuation rendered it unnecessary to give such notice before the deed would be admissible in evidence.''* [The italics are mine.]

If the seven year statute of limitations were satisfied by the mere proof of color of title, there would be much force in the position taken in the majority opinion that a tax deed void on its face, when offered as color of title only, ought to be admitted, without requiring of the holder of such deed preliminary proof that he had complied with the statutes pertaining to notice; but the seven year statute requires more than color of title; it requires good faith, and while many authorities hold that good faith will be presumed, it ought not to be presumed in favor of one who relies for his title on a deed clearly void on its face, and where the invalidity of his deed is due to his own failure or omission to comply with a statutory requirement. As was well said by the supreme court of Illinois in *Dalton v. Lucas, supra:*

''But the party himself, having omitted a plain duty enjoined upon him by law, will be considered as having done so for some sinister purpose, and will not be permitted to avail of a deed procured by such neglect.''

The neglect of a grantee in a tax deed to comply with a statute is a fraud in law, if not a fraud in fact, and certainly sufficient to overcome all presumptions of good faith on his part. To hold that a tax deed like the one here before us cannot be admitted in evidence when offered as paramount title, but must be admitted when offered as color of title held in good faith, is, to my mind,

illogical. Whether the tax deed holder rests his title upon the tax deed alone, or upon that instrument, plus the statute of limitations, in either case he must, before he can prevail, have his deed admitted. If his failure to give the statutory notice of his intention to take a deed bars the admission of the deed when offered for one purpose, it seems logical to hold that it bars it for any purpose. At any rate, this is the rule of evidence announced by our supreme court in *Richards v. Beggs, supra,* and with that ruling I am in complete accord. To permit the holder of a tax deed who has ignored, presumptively from some sinister purpose, the provisions of the statute pertaining to the giving of preliminary notice, to avail himself of the statute of limitations, is to encourage a disregard of the statutes by offering a premium therefor. Where one, without any explanation whatever, disregards a duty imposed upon him by statute, it ought to be presumed that he did it wilfully and intentionally, and for a sinister purpose, and, in the absence of all proof, he ought not to be permitted to reap a benefit from his own wrongdoing.

Under the rule announced in the majority opinion, a confessed violator of the law may present his self-tainted tax title to a court of equity and have it purified by the chancellor. The oscillations of the judicial pendulum between the rule of strict and the rule of liberal construction, as applied to tax deeds, is regrettable.

It is stated in the majority opinion that, "a tax deed, invalid upon its face, has been repeatedly held to be color of title in this jurisdiction." While, literally, this statement is supported by the opinions cited, I undertake to say that there is no opinion in this state which has held that a tax deed void on its face, and whose invalidity was due entirely to omissions on the part of the grantee himself, which omissions are presumptively due to a sinister purpose, can constitute color of title under our seven

year statute to the advantage of such grantee. None of
the cases cited from this state meet the conditions that
I have here outlined, and therefore, they are not in point.
The deed in *DeForesta v. Gast,* 20 Colo., 308, 38 Pac., 244,
was claimed to be void on its face because it showed a sale
and conveyance of several distinct parcels of land *en
masse,* whereas the statute in force at that time required
a separate sale and conveyance of each parcel. The court
in the DeForesta case (p. 309) held that:

"There is nothing in our statute which requires sep-
arate deeds for each piece of property sold, where the
purchaser of the several tracts is the same person."

Citing *Waddingham v. Dixon,* 17 Colo., 223, 29 Pac.,
177, where the point had been so held. The opinion in
the DeForesta case further held (p. 310) that where the
deed by its recitations showed that the tax proceedings
were "in substantial conformity with the requisitions of
the statutes in such case made and provided," it prac-
tically supplied any defects in the accompanying recitals.
But even this doctrine has been repudiated by our su-
preme court time and time again, and it has been fre-
quently ruled, since the DeForesta opinion was handed
down, that such deeds are absolutely void.

In the case of *Williams v. Conroy,* 35 Colo., 117, 83
Pac., 959, cited in the majority opinion, it is specifically
said (p. 120) that:

"Plaintiff's tax deeds were regular and valid on their
face, though because of invalidities in the sale they are,
as a matter of law, void."

Here is the plain distinction between the *Williams*
case and the case at bar. Again, on the same page, it is
said:

"These tax deeds, though valid on their face, are
void for the same irregularity which affects the plaintiff's
earlier ones."

This is sufficient to demonstrate clearly, I think, that

the *Williams* case cannot properly be cited to support the conclusions reached in the majority opinion.

In *Whitehead v. Callahan,* 44 Colo., 399, 99 Pac., 57, Chief Justice Campbell, speaking for the court, said:

"If this tax deed was void, especially if it was void upon its face, as the court found it was, which holding we have elsewhere herein affirmed, defendant's occupancy of the land in controversy under it was a trespass."

The query naturally arises, just how long one must persist in a trespass in order that a spurious title under which he trespasses shall ripen into an unassailable title? The majority opinion says seven years.

In *Emerson v. Shannon,* 23 Colo., 274, 47 Pac., 302, Chief Justice Hayt ruled that a tax deed showing on its face that non-contiguous tracts of land were sold together for a gross sum, was, under uniform holdings of the authorities, "absolutely void." In that case it should be borne in mind that the irregularity appearing on the face of the deed was not due to culpable wrong on the part of the grantee, but error on the part of the county treasurer. This ruling was upheld in *Webber v. Wannemaker,* 39 Colo., 428, 89 Pac., 780. It is true that in the *Webber* case, and also in the Emerson case, it is said that such deeds are "not admissible to support a title," and the majority of the court in the instant case seems to discover in this limitation a port of refuge, but if the deed in the present case was not sufficient to support a title, then it was utterly immaterial. It is not ruled in the *Williams* and *Emerson* cases that the deed becomes inadmissible only when it is offered as full and complete proof of title, but, on the contrary, it is held inadmissible when it is offered to *support* title.

In *Eaches v. Johnson,* 46 Colo., 457-9, 104 Pac., 940, it is said:

"The tax deed was not executed as required by sec.

3902, Mills' Ann. Stats., and was therefore not *prima facie* evidence of anything."

The statutes were violated in the instant case in the issuance of the deed here under consideration, and the statutes were violated *by appellee, the grantee in the deed named*.

In *Sayre v. Sage,* 47 Colo., 559-568, 108 Pac., 160, it is said that:

"The bar of the statute does not begin to run until the deed is recorded, for the reason that it is only after it has been filed for record that any title of the owner is conveyed."

And because the grantee in the tax deed in the *Sayre* case had withheld the same from record, the court in that case ruled that the deed, until recorded, did not even constitute color of title. In other words, it was the duty of the grantee in the deed to record the same, and until he complied with the statute in this behalf, he could not claim color of title. But it is no more the duty of a grantee of a tax deed to record the same than it is his duty to serve the notice of his intention to take the tax deed, and until he does serve such notice, the title and interest of the owner is not divested.

Section 3904, Mills' Ann. Stats., reads:

"No action for the recovery of land sold for taxes shall lie unless the same be brought within five years after the execution and delivery of deed therefor by the treas-urer, any law to the contrary notwithstanding; *  *  *"

In *Sayre v. Sage, supra,* our supreme court ruled that section 3904, *supra* (commonly known as the short statute), does not bar an action to set aside a tax deed, upon the ground that it is void upon its face, citing many Colorado authorities. It is difficult to perceive any reason why a tax deed void on its face cannot set the five year statute of limitations in motion, but may set the seven year statute in motion. Again, in the *Sayre* case, p. 565,

it is held that a treasurer's deed to land sold for taxes is void, unless attested by the official or private seal of the treasurer. This, because the statute so requires; but the statute pertaining to attestation is no more.imperative than the statute which requires the grantee in a tax deed to serve notice of his intention to take the deed. If he may not disregard one statute, he may not disregard another.

As early as the 6th Colorado, our supreme court ruled that a tax deed which bore on its face the evidence of non-compliance with a substantial requisition of the law was a nullity. See *Gomer v. Chaffee,* 6 Colo., 317. It is true that in that case the court had the short statute under consideration, but this ought to make no difference. In the course of the Gomer opinion the supreme court said:

"It is difficult to see how the statute of limitations can avail a defendant holding a *void* tax deed. There was nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion. The deed was void; it did not give him constructive possession nor right of actual possession. The limitation is intended to apply to cases where the provisions of the law had been complied with, not to void proceedings in violation of law," citing many cases.

In *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo., 121, 117 Pac., 1005, our supreme court uses this language:

"The clerk had no authority to assign the certificate after the lapse of three years, and the assignment was void. An assignment was essential to the issuance of deed. A deed executed upon a void assignment is in self void and conveys no title. The tax deed is, therefore, upon its face, a nullity."

This reasoning is applicable to the facts before us. The treasurer had no authority to issue the deed we are here considering, unless and until the holder of the tax

certificate, who was demanding a deed, had served notice upon the original owner, or had made a showing that the land was worth less than $500. Such notice was essential to the issuance of deed. A deed executed without such notice is itself void, and conveys no title. Hence the tax deed before us is, therefore, upon its face, a nullity. It will, therefore, be seen that whatever may have been the holdings of the earlier Colorado cases, the later decisions are all to the effect that a deed void on its face is a nullity, and that one who holds possession under it is a trespasser. But, as I have tried to point out already, there is no early Colorado case holding that a tax deed void on its face is sufficient to support color of title, where the invalidity is due to the wrongful acts of the grantee in such deed named. The great weight of modern authority everywhere is against the rule that a tax deed void on its face can set in motion a statute of limitations like our own, which requires the concurrence of three things, *viz.,* color of title; claim under it; and that claim made in good faith.

In *Evans v. Welch,* 29 Colo., 364, 66 Pac., 776, it is said that:

"All presumptions are in favor of the legal holder and the burden of overcoming them rests with him who assails the legal title."

Therefore, in my judgment, there can be, in an action brought by one who claims title under a tax deed, no presumption of good faith. But certainly, if such presumptions may be indulged in, under certain circumstances, it is overthrown by positive record evidence of bad faith. I am in entire accord with the views of the supreme court of Oklahoma as expressed in *Keller v. Hawk,* 19 Okla., 407 (413), 91 Pac., 778, wherein it is said:

"The legislature did not intend that time should breathe life and force into an instrument upon the face of which it could be seen that it was absolutely void. The

law of limitations was intended to protect purchasers at tax sales, and their grantees, from hidden defects in the proceedings, and not from those which the tax deed shows upon its face, and which, under the law, persons dealing with the title are bound to know."

The supreme court of Wyoming is to the same effect. See *Matthews v. Blake*, 16 Wyo., 116, 92 Pac., 242. The majority opinion in the instant case breathes life and force into an instrument upon the face of which it can be seen that it is absolutely void, *because of the culpable acts of the grantee therein named.*

It should not be forgotten that this is an equity case, and that equity maxims are applicable. Equity regards that as done which ought to be done, and, I suppose, it will regard that as not having been done which can only be done in flagrant violation of law. In *Richards v. Beggs, supra,* Justice Gabbert says:

"A tax deed cannot issue upon a tax sale certificate without previous notice of the time when the right to redeem would expire, unless the assessed valuation upon which the sale was based was less than $500."

But the effect of the majority opinion in this case is that while a tax deed cannot, or ought not to, so issue, nevertheless it has, and has issued at the instigation of the appellee in this case, and to his benefit. By his own wrong he becomes the owner of the land in question, if the majority opinion shall stand as the law of this state.

There is another reason which, to my mind, is sufficient, why the preliminary notice must be proven as a condition precedent to the admission of the tax deed; this notice is necessary to cut off the right of the fee holder to redeem from the tax sale, and until he is so served, the owner of the fee may unsuccessfully assert his right of redemption, and therefore, if the tax deed has

been admitted in evidence by the court, it could have availed appellee nothing.

The ruling of the trial court in admitting the tax deed was, in my opinion, erroneous.