[No. 3761.]

## AUSTIN v. KING.

1. JUDGMENT—*Conclusive Effect.* The final judgment of a court having jurisdiction both of the subject matter and the person is conclusive upon collateral attack, even though shown to be erroneous.

2. CORPORATIONS—*Evidence of Domicile.* A treasurer's deed to a corporation described it as of a county named "in the state of New Jersey." The name not bearing the definite article prefixed, as required by our

statute (Rev. Stat., sec. 846), these circumstances were accepted as evidence of its foreign origin.

3. —— Foreign—Service of Process Upon. A foreign corporation which was named as defendant in an action brought in Kit Carson county to quiet the title to the lands situate in that county had filed with the secretary of state a certificate designating one R as its agent upon whom process should be served. No such certificate had been filed in the office of the county clerk of Arapahoe county, where service was made, and it was contended that under sec. 38 of Mills' code (Rev. Code, sec. 40) this service was insufficient. In view of the provisions of Mills' Code, sec. 39 (Rev. Code, sec. 43), Mills' Stat., sec. 499 (Rev. Stat., sec. 917), Mills' Stat., sec. 506 (Rev. Stat., sec. 856), and sec. 10 of article XV of the constitution, it was *held* that the action was properly brought in the county of Kit Carson, and that the service was sufficient to sustain the decree against the collateral attack.

4. MAXIMS—One Shall Not Have Advantage of His Own Wrong. A foreign corporation which files with the secretary of state a certificate naming a particular person as its agent to receive service of process is affected by service upon such person. It will not be allowed advantage of its failure to file the certificate with the county clerk, as required by Rev. Stat., sec. 917.

*Appeal from Kit Carson District Court.* HON. W. S. MORRIS, Judge.

Mr. LOUIS VOGT, for appellant.

Mr. JOHN F. MAIL, for appellee.

MORGAN, Judge.

Appeal from a decree of the Kit Carson district court, quieting title in the plaintiff, based upon two tax deeds issued to his grantor upon a sale for the taxes of the years 1892 and 1893, respectively, conveying a quarter-section of land. The defendant pleaded a latter tax deed for the land, and also a decree of the county court of that county quieting his title based upon the later deed, which he contends defeats the plaintiff's title.

The deed and decree, pleaded, are subsequent to the plaintiff's tax deeds, and, if valid, extinguish plaintiff's

title. The deed is void on its face, and appellee contends that this, and lack of valid service on the Municipal Debenture Company, one of the defendants in that suit, and plaintiff's grantor, makes the decree void. Now, the invalidity of this deed, even on its face, would not affect the jurisdiction of the court over the subject-matter in that suit, and it must have found, from the evidence necessary to justify a judgment by default, that the plaintiff's title was then sufficient. This deed should have been attacked in that suit. Whatever that court did, in the exercise of jurisdiction, in that suit, cannot be questioned here.—*Mortgage Trust Co. v. Redd*, 38 Colo., 458, 464, 88 Pac., 473, 8 L. R. A. (N. S.), 1215, 120 Am. St., 132; *Jackson v. Larson*, 24 Colo. App., 548, 136 Pac., 81. It will only be necessary, therefore, to determine whether that court had jurisdiction, by valid service, over the person of Municipal Debenture Company. Service was made in Denver County upon C. E. Rich, as the agent of that company, and it is admitted that, at the time, there was "a paper on file in the office of the secretary of state, filed by that company, which designated Rich as its agent," and that "no such paper was on file in the office of the county clerk in what was then Arapahoe County."

Appellee now contends that there is nothing in the record to show whether this company was a domestic or a foreign corporation, and that, whether one or the other, the service was insufficient under section 38, Mills' Ann. Code. Both tax deeds issued to that company, however, describe it as "of the *county of Hudson* in the *state of New Jersey*"; and in objecting to the decree in the lower court no contention was made that said company was or was not a foreign corporation, and the word "The" is not part of the corporate name, as required of domestic corporations by our statute. In the absence of any other evidence it is concluded it was a foreign corporation.

And as that company filed a paper with the secretary of state in which it designated C. E. Rich as its state agent, service upon him was sufficient, even though made in Denver county, and not made in the county where the suit was brought, and although no paper was on file in the office of the county clerk of Denver, once Arapahoe, county. The foreign company cannot take advantage of its own fault or neglect in not filing the appointment in the office of the county clerk, or in not designating an agent or maintaining an office in the county where its land was situated.

Section 38, aforesaid, enacted in 1891, amending the code provision of 1887, says that service on a foreign corporation doing business in this state, shall be made upon its agent, "found in the county in which the action is brought," and if no such agent is found in such county, upon any stockholder found in such county; but at the same time the following was enacted:

"All acts or parts of acts inconsistent with the provisions of this act are hereby repealed; but nothing herein contained shall be held to repeal any provision of law, now in force which authorizes or permits a summons to be served in any other county of the state, than that in which the action is brought."

And a law was then in force, sec. 39, Mills' Ann. Code, providing that, "When there are several defendants residing in different counties, a separate summons may be issued to each county, for the service of the defendants residing therein."

And another provision, sec. 506, M. A. S., saying that:

"In suits against any corporation, summons shall be served in that county where the principal office of the corporation is kept or where its principal business is carried on, * * * and if no such person can be found in the county where the principal office of the corpora-

tion is kept, or in the county where its principal business is carried on, to serve such process upon, a summons may issue from either one of such counties, directed to the sheriff of any county in this state where any such person may be found, and served with process. If such corporation keeps no principal office in any county, and there is no county in which the principal business of such corporation is carried on, then suit may be brought against it in any county where the above-mentioned officers, or any, or either of them, may be found. *Provided, that the plaintiff may, in all cases, bring his action in the county where the cause of action accrued.*" (Italics mine.)

The constitution further provides that:

"No foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the same, *upon whom process may be served.*"

And another provision following this constitutional requirement says, sec. 499, M. A. S., that:

"Foreign corporations shall, before they are authorized or permitted to do any business in this state, make and file a certificate signed by the president and secretary of such corporation duly acknowledged with the secretary of state, and in the office of the recorder of deeds of the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in this state, and an authorized agent or agents in this state residing at its principal place of business upon whom process may be served."

Now, from the foregoing provisions, it is concluded that the suit was properly brought in Kit Carson County where the land was situated, and that, as the defendant was a foreign corporation, and had designated an agent upon whom process might be served, by a filing in the

secretary of state's office, service on such agent would be sufficient in this instance, where the decree obtained on such service is collaterally attacked.

It is true it is held in *Venner v. Denver Union Water Co.*, 15 Colo. App., 495, 63 Pac., 1061, that the return of service should show that no agent could be found in the county where the suit was brought, in order to make valid a service upon a vice-president, but this conclusion was upon the premise that a vice-president is not an agent; but in *Venner v. Denver Union Water Co.*, 40 Colo., 212, 90 Pac., 623, 122 Am. St., 1036, the supreme court held that a vice-president is an agent of the corporation, and that service upon him was sufficient in that case.

Furthermore, there is no contention here that the return should show that no agent or stockholder could be found in the county where the suit was brought, but the contention is that service could be made only upon an agent or stockholder in the county where the suit was brought.

Although it appears, now, in the present case, that the tax deed on which the decree, pleaded, was based, is void on its face; and also that the land was vacant when said decree was made; yet, neither of these defects appear in the judgment roll or the decree in that case, but, on the contrary, the complaint alleges ownership and possession and the decree is valid on its face; therefore, that court, having jurisdiction of the subject-matter and of the person, its decree was a good defense in the present case, as the defendant in this case purchased the land from a grantee of the plaintiff in that, and is not charged with any notice or knowledge of any defect in the title not appearing in the decree or judgment roll aforesaid.—*Jackson v. Larson, supra.*

The judgment is reversed.